This is a divorce case. The wife, appellant herein, complains that the trial court abused its discretion especially in its failure to award her periodic alimony.
The Edwards were married in California in 1960. During the majority of the twenty-one-year marriage, Mr. Edwards served in the Air Force. He achieved the rank of E-9, the highest rank afforded an enlisted man, and was in charge of "Quality Assurance for the Northern Communications Area of the Air Force Command" at the time of his retirement. He has received extensive training in the communications field. The wife, on the other hand, has been a wife, mother and homemaker during most of the marriage. Her attention has focused on rearing the couple's two sons, Michael Joseph, age 16, and Vincent Eric, age 10, while the husband was involved in his career and required to be away from home often. Mrs. Edwards has no job skills, only a high school education and has not worked since the birth of the first son. At the time of the divorce, she was employed, however, on an assembly line in a factory, earning approximately $200 per week take-home pay, with the noted possibility of untimely layoff because of lack of seniority.
The husband receives more than $1,000 per month retirement pay from the military. Shortly before the divorce hearing, he quit a job where he was earning more than $850 per month net income. Because of his experience and training in the communication field, he is highly employable.
The husband resides in Montgomery, Alabama, and the wife in Glassboro, New Jersey. During the last several years, the family had lived first in San Antonio, Texas, and then in Rome, New York, where the husband was stationed. The husband's ties with Montgomery apparently developed during the marriage while he was here on "TDY" or temporary duty. He has had an apartment in Montgomery since May 1980 and apparently shared it with a Ms. Joyce Sprouse.
The divorce complaint filed by the husband stated as grounds incompatibility of temperament and irretrievable breakdown of marriage. The wife counterclaimed for divorce based on adultery and abandonment, as well as the grounds entered by the husband. The evidence showed that the husband had abandoned the wife and children twice — once in Virginia at the home of her parents and a second time at the home of his mother and stepfather in Glassboro, New Jersey. The wife and children resided with the husband's parents from July 1980 until November 1980, when the wife rented a house of her own in the same town. The wife was left without transportation or support in New Jersey and was forced to apply for welfare. After looking for more than six months, she found her present job. She also borrowed $3,000 from a friend to get her own house and get her furniture out of storage.
The trial court granted the divorce on the grounds of adultery as alleged by the wife. Custody of the children was given to the mother with reasonable visitation in the father. The trial court ordered the husband to pay $200 per month child support until the youngest child reaches majority, and that he take steps to insure that the children remain eligible for any military benefits available to dependents of a retired military man. The trial court further ordered that the husband maintain, unencumbered, all insurance policies on his life at the time of the divorce and designate the children as beneficiaries until their majority.[1] The husband was ordered to pay all marital debts and a $500 fee to wife's attorney. He was also assessed court costs, which included an amount for wife's travel expense from New Jersey.
Following denial of her motion for new trial, the wife appeals contending that the trial court abused its discretion (1) by failing to award periodic alimony and (2) by refusing to clear up a patent ambiguity in the final decree. *Page 93 
We recognize the strong presumption of correctness afforded the trial court's decision in a case heard ore tenus. That rule of law stands without citation. The burden to overcome the presumption is not, however, insurmountable. The exercise of the trial court's discretion is judicial, not arbitrary, and reviewable on appeal. Mack v. Mack, 389 So.2d 1156
(Ala.Civ.App. 1980). The failure of the trial court to award periodic alimony in this case constituted a palpable abuse of discretion. See, Cinader v. Cinader, 367 So.2d 487
(Ala.Civ.App. 1979).
Though there are no fixed standards upon which to determine the grant or denial of periodic alimony, there are many factors to be considered. These include the financial circumstances of the parties, their future prospects, age, sex, health, station in life, length of marriage, and in appropriate circumstances, conduct of each with reference to the cause of divorce. See,Schwaiger v. Schwaiger, 392 So.2d 1213 (Ala.Civ.App. 1981);Warren v. Warren, 386 So.2d 1166 (Ala.Civ.App. 1980). Each case must be determined on its own facts and circumstances.
The trial court's failure to grant periodic alimony is not supported by the evidence. The vast majority of the factors listed above militate in favor of such an award. The divorce was granted on the basis of the husband's adultery; the parties were married for twenty-one years; the wife was reduced by divorce from a position as spouse of a high-ranking military enlistee to a low-pay factory worker; though the parties were both in good health, the wife had job skills adaptable only to menial assembly line factory work and being in her forties, a dim prospect for job advancement; the husband receives more than $1,000 per month in retirement benefits and is highly trained in the lucrative communications field.
We note here for the benefit of the trial court, in determining the amount of periodic alimony on remand, that military retirement benefits are proper sources of income from which to pay such alimony. Kabaci v. Kabaci, 373 So.2d 1144
(Ala.Civ.App. 1979).
We find no patent ambiguity in the portion of the decree relating to the payment of marital debts. Thus there was no correction to be made by the trial court.
For the foregoing reasons, this cause is affirmed in part; reversed in part, and remanded for a determination of an amount of periodic alimony to be awarded the wife.
An attorney's fee of $500 is awarded to the wife on appeal.
AFFIRMED IN PART: REVERSED IN PART: AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.
[1] In light of Ridgway v. Ridgway, ___ U.S. ___, 102 S.Ct. 49,70 L.Ed.2d 39 (1981), this portion of the decree is probably a nullity as it relates to SGLIA insurance.