This is a child visitation modification case.
The mother and father were divorced on August 31, 1984. The parties agreed, and the trial court adopted the agreement, that the father would have visitation with their child from nine a.m. until six p.m. every other Saturday until the child reaches three years of age. Upon the child reaching three years, the father would be able to keep the child overnight and until six p.m. Sunday.
On January 18, 1985 the father filed a petition seeking increased visitation privileges with his child. The mother replied by asking that the petition be denied, and counterclaimed for additional child support.
The trial court conducted a hearing on the matter on August 6, 1985, and handed down a decree on August 16, 1985 granting the father overnight visitation every other weekend, and increased visitation at other times during the year. The court also increased child support from $185 per month to $250 per month. The mother appeals.
The mother argues on appeal that the trial court erred in permitting the father to visit with the child overnight because the father had failed to prove a material change in circumstances since the divorce decree. The father replies that he did prove that the best interests and welfare of the child would be served by extending the period of visitation with the father, and that a change in circumstances had occurred that warranted the change in visitation with his child.
The facts show that at the time of the separation the parties were living in Bessemer, Alabama. At the time of the divorce the father was living with his parents in Centreville, Alabama. The mother has remarried and still lives in Bessemer.
The father works in the family logging business, and works long hours, including some Saturdays. He testified that the time *Page 741 
spent driving to Bessemer did not leave him enough time to visit with his twenty-two month old son. Additionally, the present arrangements did not provide much visitation between the child and its paternal grandparents.
The mother testified that the father requested overnight visitation one time and she refused this request. She said that the child was too young to visit overnight with his father at the father's parent's house. She said, however, that the child would be old enough to visit overnight with the father when the child reached three years of age. She stated that the child cried when the father came to visit. When asked if the crying might be caused by lack of contact with the father, the mother replied that it would take additional time under the present visiting arrangement before the child would sufficiently adjust to being with the father.
There was no evidence indicating that the father was other than a loving, dutiful father. The evidence was undisputed that the paternal grandparents loved their grandchild and wanted him to visit overnight in their house. The evidence showed that both the father and the grandparents were prepared to properly care for the child while he was in their possession.
The best interests and welfare of the child involved are always the primary consideration for a court in determining visitation rights of parents. Barran v. Barran, 431 So.2d 1278
(Ala.Civ.App. 1983). However, the trial court has broad discretion in deciding on visitation rights of the noncustodial parent. Allen v. Allen, 385 So.2d 1323 (Ala.Civ.App. 1980). This discretion applies to modification proceedings as well as to the original custody proceeding. Matter of Hughes,434 So.2d 790 (Ala.Civ.App. 1983). Furthermore, in all cases heard ore tenus, we will not reverse the trial court's decree unless the evidence shows it to be plainly and palpably wrong. Matter ofHughes, supra.
The pertinent facts reveal that at the time the marriage fell apart the parties were living in Bessemer, Alabama. Now the father lives and works in Centreville, Alabama.
The father testified that he just did not have enough time to visit with his son after he drove to Bessemer and picked up the child at the mother's house, especially if he took the child back to Centreville, Alabama.
Another factor for consideration by the court is the age of the child. At the time of the divorce, the child was ten months old; at the time of the trial the child was twenty-two months old. By keeping the child overnight, the father and the grandparents could attempt to establish a more meaningful relationship. Also, the child is now at an age where this is more likely to be accomplished.
The mother testified that the child cried when it came time to visit the father. Possibly, as noted by the trial court, this could be due to the lack of visitation with the father. The child was not around the father long enough to get to know him.
In addition to the above noted factors, it was undisputed that the father and the grandparents loved the child and wanted him to visit them. There was no evidence that the father and grandparents were unfit to have the child in their possession.
After a careful review of the record, we find that the evidence supports the trial court's decree, and that such decree is in the best interests of the parties' child.
The mother's request for an attorney's fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 742