This is a divorce case.
The husband, Robert Whitehead, and the wife, Ruth Whitehead, had been married for thirty-one years. There were six children born of the marriage, one of whom died in childhood. The five surviving children have all attained adulthood. In November 1985 the husband moved out of the marital home and in with Louise Ray, a thirty-nine year old divorcee. The wife filed for divorce.
After a hearing in January 1986, the trial court issued a judgment granting the divorce on the ground of irretrievable breakdown of the marriage. The wife was awarded the marital home and its furnishings and a 1982 Mercury automobile. The husband was ordered to make the payments on the second mortgage on the house ($305 per month) and the payments on the 1982 Mercury ($243.58 per month). Additionally, the wife was awarded $3,600 as alimony in gross, to be paid in monthly installments of $150. (This amount would almost cover the monthly installment for the first mortgage on the house.) The wife was also awarded $500 for attorney's fees.
The wife filed a motion for modification of the judgment or, in the alternative, a new trial. The motion was denied. This appeal followed.
The only issue raised on appeal is whether the trial court abused its discretion when it failed to award periodic alimony or in the alternative failed to reserve the right to award periodic alimony to the wife in the future.
If a trial court does not award alimony and fails to reserve the right to award alimony in the future, then the trial court loses its power to grant alimony. Coby v. Coby, 489 So.2d 597
(Ala.Civ.App. 1986).
However, the award of periodic alimony is within the discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. Duke v. Duke,457 So.2d 432 (Ala.Civ.App. 1984). There are numerous factors to be considered by the trial court when determining the award of alimony. The factors include the ages and health of the parties, their employment prospects for the future, the standard of living attained by the parties during their marriage and whether this standard can be maintained after the divorce, how long the marriage lasted and, in some cases, whether a party's conduct caused the divorce. Masucci v.Masucci, 435 So.2d 120 (Ala.Civ.App. 1983).
As noted above, the couple had been married for thirty-one years and have five adult children. At the time of the trial the wife was fifty-two years old and the husband was fifty-one. For more than twenty years the husband has had Buerger's disease, which causes the deterioration of the arteries in the extremities. Due to this disease, the husband has had three amputations on one leg and has lost a toe on the other foot. *Page 458 
The wife has had to work to help support her husband and five children. At the time of the trial she was unemployed because she had been laid off in September or October of 1985. She was drawing $120 per week unemployment compensation, but that would terminate in April 1986.
In October 1984 the wife and another woman borrowed $10,000 and opened an optical shop in Guntersville. The wife testified that the business was "still in the red." At the time of the trial she was helping out at the optical shop, but was not drawing a salary because the business could not afford to pay her. She further testified that she was searching for employment.
When the husband moved out in November 1985, he moved in with Louise Ray. The weekend before the divorce hearing in January 1986, he moved into his own apartment. Both the husband and Ms. Ray denied that they were having an affair. However, the wife testified that in October 1985 the husband asked her for a divorce because he had been "fooling around" and had found someone else.
Due to his disease, the husband receives between $1,600 and $1,700 per month in social security disability benefits and Veterans' Administration disability benefits. We note that this court has previously found that these types of disability benefits may be considered "income" for purposes of awarding periodic alimony. Lott v. Lott, 440 So.2d 1090 (Ala.Civ.App. 1983).
The husband has to pay rent, utilities, buy groceries, and make a payment of $118 per month for his car. Additionally, under the terms of the divorce judgment he must pay $305 per month on the second mortgage on the house, $243.58 for the mortgage on the 1982 Mercury, and $150 per month on the $3,600 alimony in gross awarded to the wife. The trial court could have reasonably declined to award periodic alimony to the wife because it concluded that the husband was unable to pay it.
Moreover, the trial court had before it evidence that the wife partly owned a business that might make a profit in the future. There was evidence that the wife was also drawing unemployment compensation and that she was searching for a job. In view of this state of the record, we cannot say that the trial court abused its discretion when it failed to award periodic alimony to the wife at this time.
However, we find that the trial court did abuse its discretion when it failed to reserve the right to award alimony to the wife in the future. Not only is there a possibility that the wife's fledgling business might never get off the ground, but there is also the possibility that the wife may have difficulty finding employment due to her age and lack of training and education. Should these possibilities occur, the wife would need financial help. At such time the husband could have paid some of his debts and would be able financially to assist the wife.
In view of the length of the marriage, the fact that the wife had worked to help rear and educate five children, and the circumstances leading to the termination of the marriage, we conclude that the trial court abused its discretion by not retaining jurisdiction to award periodic alimony to the wife in the future should circumstances so require. See Coby v. Coby,supra.
The wife's request for award of an attorney's fee on appeal is granted in the amount of $400.
The decree of the trial court is affirmed in part and reversed in part.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 459