This is a divorce case.
In 1977 the parties resided in Columbus, Georgia and sought a legal separation in the Superior Court of Muscogee County. The Georgia court issued an order requiring the husband to pay $550 per month for the support of the wife and the parties' three minor children. The husband paid this amount only intermittently. After the wife collected $10,000 in arrearage from the Georgia court, the husband's support obligation was lowered to $375.
In 1990 the wife filed a complaint for divorce in the Macon County Circuit Court. The wife sought custody of the three children, as well as alimony and child support from the husband. After an ore tenus proceeding, the Macon court granted the divorce and awarded custody of the children to the wife. The husband was ordered to pay $400 per month child support but was not ordered to pay alimony. The wife subsequently filed a motion for new trial based on the trial court's failure to award alimony and attorney's fees to her, as well as its failure to require the husband to maintain medical insurance for her and the child. The trial court denied the motion and the wife appeals. *Page 408 
In divorce cases where the evidence is presented ore tenus, the trial court's findings are presumed correct and will not be overturned except for plain and palpable error. Edwards v.Edwards, 410 So.2d 91 (Ala.Civ.App. 1982). This presumption of correctness is strengthened by the denial of a motion for new trial. Edwards. Moreover, awards of alimony, child support, and attorney's fees are all within the trial court's discretion and its judgment on these matters will not be reversed absent a showing that this discretion has been abused. Hansen v. Hansen,401 So.2d 105 (Ala.Civ.App. 1981). Where a court fails to specifically retain jurisdiction to award alimony and does not make such an award in the divorce decree, such jurisdiction is thereafter lost. Whitehead v. Whitehead, 494 So.2d 456
(Ala.Civ.App. 1986).
The first issue raised by the wife is whether the trial court erred in not awarding her alimony. The wife points out that the general purpose of alimony is to preserve the financial status quo of the parties as it existed during the marriage.Grimsley v. Grimsley, 545 So.2d 75 (Ala.Civ.App. 1989). The wife argues that the trial court's failure to award her alimony is palpably wrong because it destroys this status quo.
The record indicates that, even prior to the parties' 13-year separation, the husband contributed little more for the support of the wife and three children than he is now required to pay. In short, the wife received about $400 per month from the husband for most of the time they were married. The trial court's order has thus effectively maintained the financial status quo as it existed throughout the marriage. However, we note that there are other factors to be considered by the trial court when determining the issue of alimony. These factors include the health and future earning potential of each party.Masucci v. Masucci, 435 So.2d 120 (Ala.Civ.App. 1983).
The record reveals that the wife has completed a nine-month course in medical assistance and is employed as a part time private duty nurse. She works 25 to 28 hours per week and earns $5 per hour. The wife testified that she is a diabetic and controls her condition through medication and diet; however, she did not offer evidence to show that this condition is severe enough to cause her under-employment. There is nothing in the record to show that the wife lacks the ability to work full time.
The record shows that the husband is 54 years old and is in good health. He is employed full time as a railroad worker earning over $11 per hour and expects to obtain a higher paying position in the near future. The husband will qualify for retirement in about eight years and the wife will be eligible to receive some of his pension at that time.
In its order denying the motion, the trial court stated that, "based on the duration of the separation of the parties and all attending circumstances," it was satisfied that alimony was not appropriate. The trial court did not reserve the right to award alimony at a later time.
After closely examining the facts, we cannot say that the trial court abused its discretion in failing to award alimony at this time. The wife is receiving the same level of support from the husband that she received throughout the marriage and she is now a trained medical assistant capable of holding gainful employment.
However, we find that the trial court did abuse its discretion when it failed to reserve the right to award alimony to the wife in the future. Whitehead. While the wife's diabetes is presently being controlled, it is possible that her condition could worsen and thereby leave her unable to work. Should the wife need financial assistance in such circumstances, the husband would be able to provide it.
In view of the disparity in the parties' income and earning potential, as well as the possibility of the wife's eventual ill health, it is improper to foreclose the possibility of awarding alimony in the future. Accordingly, we remand this cause to allow the court to add a provision to the divorce *Page 409 
decree retaining jurisdiction to award alimony in the future.
The wife next argues that the trial court erred in failing to require the husband to maintain medical insurance on the minor child and herself.
At trial, the husband testified that his job provided insurance for himself and the child for about $72 per month. The husband testified that he had maintained this insurance for several years and would continue to do so after the divorce. The husband also testified that the wife was covered by the insurance.
Obviously, the husband's intent to provide insurance for the son is not an enforceable legal obligation unless it is included in the divorce decree. In view of the fact that the husband has maintained medical insurance on the child and stated his intent to do so in the future, we conclude that it was error for the trial court not to include a requirement for the child's medical insurance coverage in the divorce decree. Such a requirement not only legalizes the father's wishes but protects the interests of the child. However, because we have upheld the trial court's refusal to grant alimony to the wife at this time, we also affirm its decision not to require the husband to maintain medical insurance for her.
The wife's final argument is that the trial court erred in failing to award her attorney's fees. It is within the trial court's discretion to award attorney's fees in a divorce case and its decision on the matter will not be reversed absent an abuse of discretion. Chandler v. Chandler, 501 So.2d 1234
(Ala.Civ.App. 1987). The record shows no such abuse here; thus, the trial court's judgment is affirmed.
The wife's request for attorney's fees on appeal is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
All the Judges concur.