This is a divorce case.
The father filed a complaint against the mother, alleging incompatibility of temperament and adultery, and seeking custody of the parties' nine-month-old son. The mother answered with a general denial, alleging condonation, and pursued a counter-claim for divorce, alleging incompatibility of temperament and also seeking custody of the child. Following ore tenus proceedings, the trial court granted the divorce and awarded custody of the child to the mother. Following an evidentiary hearing on the father's post-judgment motion, the trial court denied the motion. Hence, this appeal.
The single question on appeal concerns whether the trial court's award of custody to the mother was a plain and palpable abuse of discretion in view of the undisputed and admitted evidence regarding the *Page 754 
mother's behavior, including adultery and her admitted use of marijuana on at least two occasions. We think not.
Both parties correctly recognize that the decision of the trial court in the matter of child custody, following an ore tenus proceeding, is presumed correct and will not be set aside unless the decision was plainly and palpably wrong. Kellamv. Kellam, 587 So.2d 355 (Ala.Civ.App. 1991); andSmith v. Smith, 448 So.2d 381 (Ala.Civ.App. 1984). This presumption is further strengthened by the denial of a motion for new trial. Chambliss v. Chambliss,587 So.2d 406 (Ala.Civ.App. 1991). Further, when a trial court does not make specific findings of fact concerning an issue, it is presumed that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous. Knox Kershaw, Inc. v. Kershaw,552 So.2d 126 (Ala. 1989).
A detailed recitation of the facts underlining the mother's misconduct would serve no useful purpose. She clearly admitted to certain marital indiscretions and even some illegal acts; however, there was also testimony from witnesses, and even from the father himself, that she was a good mother, that she loved and cared for the child, and that she was loved by the child. Additionally, there was testimony suggesting that she was an industrious and hardworking businesswoman, having established and managed her own commercial cleaning business, which was, at one time, the primary source of income for the family while the father completed college. Correspondingly, witnesses, including the mother, testified to the father's positive relationship with the child, his family resources, and the fact that the child loved the father. There was additional evidence of animosity and discord between the parties since the divorce, which state of affairs could be viewed by the trial court as detrimental to the child. Even an adjudication of adultery in a divorce action "is not, in and of itself, an absolute bar to custody, the paramount and controlling consideration being what is for the best interest and welfare of the minor child."Mason v. Mason, 276 Ala. 265, 267, 160 So.2d 881, 883
(1964). Certainly fault or misconduct of either or both parties is an appropriate matter to consider in determining the issue of custody in a divorce case. Santmier v. Santmier,494 So.2d 95 (Ala.Civ.App. 1986). In cases of primary custody, however, indiscreet behavior is only a factor to be considered, and our case law requires that there be evidence presented showing that such misconduct is detrimental to the child. Smith v. Smith, 464 So.2d 97 (Ala.Civ.App. 1984). The evidence presented disclosed that the mother continues to have some relationship with her paramour, albeit she denies that they are in fact living together, and she states that she and the child have a residence with another married couple and their child at this time. Still further, due to the infancy of the child, the mother's conduct cannot be said to be detrimental in view of the testimony that the child is well cared for and nurtured.
The father contends that the trial court is applying the tender years doctrine in awarding custody to the mother in spite of her past marital indiscretions and immoral acts. The tender years doctrine has been abolished. See Ex parteDevine, 398 So.2d 686 (Ala. 1981). It prohibits the consideration of the presumption in favor of the mother's custody based upon the age of the children. Age is one factor in a long list which is to be considered by the trial court in awarding custody. Cokely v. Cokely, 469 So.2d 635
(Ala.Civ.App. 1985). Our Supreme Court, in Devine,supra, set out several factors to be considered by the trial court in determining custody, and these factors include the following: (1) the sex and age of the children; (2) the children's emotional, social, moral, and educational needs; (3) the respective home environment offered by the parties; (4) the characteristics of those seeking custody, including age, character, stability, and mental and physical health; (5) the capacity and interest of each parent to provide for the emotional, social, moral, material, and educational needs of the children; (6) the interpersonal relationship between each child and each parent; (7) the interpersonal relationship between the children; (8) the effect on the child of disrupting or continuing an existing custodial status; (9) the preference of each child, if the child is of sufficient *Page 755 
age or maturity; (10) the report and recommendation of any expert witnesses or an independent investigator; (11) available alternatives; and (12) any other relevant matter the evidence may disclose.
Nothing in this opinion should be construed as condoning any of the marital indiscretions or acts of the mother, or as an indication that this court will uphold any award of custody regardless of the parent's lifestyle, either during the course of or after the marriage; however, at this time, in this case, there is no evidence that these acts have had any deleterious effect on the infant child. Certainly, if this lifestyle continues, there will come a time in the maturation and development of this child where such conduct would be considered to have a detrimental effect upon the child, thereby justifying a possible change in custody. "Once the trial court has obtained jurisdiction of the children of divorced parents, the court retains jurisdiction during their infancy, and it is the court's duty to protect the interest of the children with scrupulous care." Vaughn v. Vaughn, 473 So.2d 1090,1091 (Ala.Civ.App. 1985). Should the mother continue a lifestyle of immorality and misconduct, then the court may be justified in modifying that custody in the best interests of the child. At this point, no evidence has been shown that any of the mother's misconduct has had any detrimental effect on the child. In fact, there is evidence that both parents love the child and are probably fit to have the care and custody of the child; therefore, the trial court did not abuse its discretion in awarding custody to the mother. McCluskey v.McCluskey, 495 So.2d 66 (Ala.Civ.App. 1986). For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
The mother's request for an award of attorney fees in this appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.