THIGPEN, Judge.
This is a divorce case.
Frank C. Bunn and Frances Christine Bunn married in September 1990. Shortly after the husband’s previous wife died, he began to date the wife, and after recovering from his surgery later that year, they married. The record reveals that the wife was a resident of Georgia, employed with the federal government, and that she owned a home in Georgia. The husband was retired and a resident of Huntsville, where he owned a home. While the evidence is disputed, there was testimony that the husband wanted the wife to retire and travel with him and to sell their separate homes and build a home together. The wife testified that she told the husband that if she retired at that time, her retirement income would be reduced. She testified that the husband told her that he would take care of her and her bills. The wife testified that shortly after they married, she retired and received a lump sum payment of $29,916, together with a retirement pension of approximately $14,400 per year.
The wife testified that following the marriage, the husband alternated residences between his home in Huntsville and her home in Georgia. The wife was made beneficiary of the husband’s retirement benefits and the husband paid many of the wife’s bills. They made repairs to the wife’s home in Georgia to prepare it to sell. It is undisputed that the parties agreed to first repair and sell the wife’s home, and then to repair and sell the husband’s home, prior to constructing the new home. The husband filed for divorce in October 1991. In January 1992, the wife’s home was sold and, after deductions, she realized approximately $47,000, which she testified she placed in trust for her grandchildren.
After receiving ore tenus evidence, the trial court divorced the parties, awarded the husband exclusive title to all real estate he owned prior to the marriage, ownership of all monies in his accounts in banks in Alabama, and his personal property, including household goods and automobiles. The husband was ordered to pay the wife $40,000 as alimony in gross and to continue the wife as beneficiary of his civil service annuity. Following denial of his post-judgment motion, the husband appeals.
On appeal, the husband asserts that the trial court abused its discretion in denying his post-judgment motion, and that the decision of the trial court was arbitrary and unjust. The husband attempted to prove at trial that the wife forged his name on various *697 records, including bank cards. Evidence was introduced, and the wife testified, regarding the many bills and monies which she paid out of the joint account, all of which she said the husband had promised to pay if she would retire. The evidence disclosed that both parties wrote checks out of this account. The husband presented a handwriting expert who testified that the signature on the cards and documents was not that of the husband, although the wife insisted that the husband signed the documents. Still further, the husband insists that since the parties lived together for a period of fewer than sixty days during the relatively short marriage, and in view of the monies expended by the wife during that brief marriage, such an award of alimony in gross amounts to an abuse of discretion.
We note at the outset that when a trial court is presented evidence in a divorce proceeding ore tenus, its findings are presumed correct and the resulting judgment will not be overturned except for plain and palpable error. Chambliss v. Chambliss, 587 So.2d 406 (Ala.Civ.App.1991). Further, that presumption is strengthened by the denial of a motion for new trial. Chambliss, supra. Additionally, matters such as alimony and the division of property pursuant to divorce rest soundly within the discretion of the trial court and will not be reversed unless that discretion was palpably abused. Waid v. Waid, 540 So.2d 764 (Ala.Civ.App.1989).
Our review of the record discloses that when the wife retired, her income was drastically reduced. While it is true that many of her bills were paid by the husband during the marriage, nevertheless, she must now live on a significantly reduced income. Despite the husband’s assertion that the parties only lived together for a short time, the evidence discloses that when asked why he did not want his wife to live with him in Huntsville, he stated that he was uncomfortable having her in the same house he had shared with his first wife.
From the record and the evidence presented, it is apparent that the trial court attempted, as far as possible, to place the parties back in the same relative position they occupied prior to the marriage, especially in view of the fact that the husband’s financial statement revealed a net worth in excess of $185,000. Regardless of the husband’s contention that the wife forged his name on one bank account which she never used, it is abundantly clear that he was aware of the fact that she was writing checks out of the joint account, and that he took no action to prevent it during the marriage, and that he also wrote checks on the same account. The husband’s argument regarding the trial court’s apparent disregard of his expert’s opinion regarding the forged signatures is without merit. An expert’s opinion is not conclusive on the trier of fact, even if the testimony was uncontroverted, because a trial court must look to the entire evidence and its own observations in deciding factual issues. Williams v. City of Northport, 557 So.2d 1272 (Ala.Civ.App.1989), cert. denied, 498 U.S. 822, 111 S.Ct. 71, 112 L.Ed.2d 45 (1990). The weight and credibility to be attributed to the testimony of an expert is for the trier of fact. Clark Lumber Co. v. Thornton, 360 So.2d 1019 (Ala.Civ.App.1978). While some of the evidence was disputed, the trial court was in the best position to observe the witnesses and their demeanor, and to adjudge their credibility. Porter v. Porter, 441 So.2d 921 (Ala.Civ.App.1983). In determining the weight to be accorded testimony, the trial court, as sole judge of the credibility of witnesses, considers the demeanor and apparent candor or evasiveness of the witnesses, and the trial court may disbelieve and disregard portions of testimony and should accept only that testimony it considers worthy of belief. Reid v. Flournoy, 600 So.2d 1024 (Ala.Civ.App.1992). See also Brown, v. Brown, 586 So.2d 919 (Ala.Civ.App.1991).
An award of alimony in gross is intended to effect a final determination of property rights of the parties and to attempt to compensate the wife for the loss of inchoate property rights in her husband’s estate. Boley v. Boley, 589 So.2d 1297 (Ala.Civ.App.1991). A property division is not required to be equal, but it must be equitable. Ross v. Ross, 447 So.2d 812 (Ala.Civ.App.1984). The award of alimony in gross is largely a matter for the exercise of the judicial discretion of the trial court, and it will not be altered or *698 set aside upon an appeal in the absence of palpable abuse of discretion. Hinds v. Hinds, 415 So.2d 1122 (Ala.Civ.App.1982). Even if this court may have decided differently, it is not the function of this court to reweigh the evidence or to substitute its judgment for that of the trial court. James v. James, 582 So.2d 560 (Ala.Civ.App.1991).
After a careful review of the entire record, we are unable to conclude that the trial court abused its discretion in attempting to balance the equities between these two parties; accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.