[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 310 
Donald and Sherry Little were divorced in 1990. They were awarded joint legal custody of their minor daughter, with the mother having primary physical custody.
In December 1992 the mother and the child relocated to Memphis, Tennessee. In February 1995 the father filed a petition for modification, asking the trial court to order shared travel expenses regarding the child's visitation, to order a quarterly accounting of the child's extracurricular expenses, and to award the father additional summer visitation.
The mother filed a petition for contempt and a petition for modification, wherein she requested that she be granted sole legal custody of the minor child. The paternal grandparents filed a petition to intervene, requesting visitation.
Following ore tenus proceedings, the trial court entered an order denying the father's request for shared travel expenses, dismissing the grandparents' petition for visitation for lack of prosecution, modifying the amount of child support to be paid by the father, requiring the father to pay his share of past-due expenses, requiring both parties to submit a quarterly accounting of the child's extracurricular activities, awarding sole legal custody to the mother, and modifying the father's visitation with the child. The father appeals. He represents himself on appeal.
The father asserts that the trial court erred in dismissing the grandparents' petition for visitation for lack of prosecution.
The record reflects that on the date of trial, the grandparents were not present in court. They were out of town and not expected to return until more than a week after the trial date.
The dismissal of a civil action for want of prosecution because of the plaintiff's failure to appear at trial is a matter within the discretion of the trial court. Owens v.Owens, 435 So.2d 1316 (Ala.Civ.App. 1983); Rule 41(b), Ala.R.Civ.P. Its judgment will not be reversed on appeal except for an abusive use of discretion. Thompson v. McQuagge,464 So.2d 105 (Ala.Civ.App. 1985). We find no such abuse.
The father asserts that the trial court also erred in refusing to admit into evidence the grandparents' depositions. It is clear from the trial court's order that it reviewed the grandparents' depositions. Even if the trial court erred in refusing to admit the depositions, we find that such was harmless error in view of the trial court's acknowledgement that it reviewed the depositions. Rule 45, Ala.R.App.P.
The father asserts that the trial court erred in increasing his child support obligation.
The record reflects that when the parties divorced, the child was four years old and was not enrolled in school. The parties agreed that the father would pay $300 per month in child support. At the time of the hearing, the child was nine years old. Her expenses had increased due to the cost of such things as piano lessons, tennis lessons, and cheerleading. The mother testified that she was expending considerable sums of money on the child's clothing due to the child's rapid growth. *Page 311 
In increasing the father's support obligation, the trial court found the following:
 "At the time of the divorce, the [father's] income was reported as $1,000.00 per month (approximately $6.00 per hour). Since the divorce, the [father's] income has substantially varied, with his last reported income as shown on his 1993 income tax return as $25,183.00. The Court further finds that the [father] has not aggressively pursued either his construction business or the private practice of law. The Court finds that the [father] is substantially underemployed, given the fact that he has an undergraduate degree as well as a professional degree from Jones Law School."
The father asserts that the trial court erred in considering his potential income rather than his actual income in calculating the amount of his child support obligation.
The trial court may consider a parent's potential income, rather than actual income, in determining the parent's child support obligation. Sledge v. Sledge, 630 So.2d 461
(Ala.Civ.App. 1993); Rule 32(B)(5), Ala.R.Jud.Admin.
Given the father's educational background and his qualifications, the record supports the trial court's finding that the father was underemployed. Furthermore, the trial court chose to impute the amount of income reported on the father's most recent income tax return ($25,000). We find the amount to be reasonable and not to be an abuse of the trial court's discretion.
The father also asserts that the increase in his child support obligation was made in error because, he says, the modification was less than 10%, thus creating a rebuttable presumption that there was no material change in circumstances. The father cites no authority to support his position. We find it unnecessary to address it. Harris v. Harris, 528 So.2d 866
(Ala.Civ.App. 1988).
The father asserts that "the trial court abused its discretion and violated public policy by reducing [his] visitation by over 85 days annually; furthermore, the trial court abused its discretion by not granting enhanced summer visitation to [him]. In addition, the trial court altered the holiday visitation due the [father] without any justification."
The primary consideration for a court in determining visitation rights for the non-custodial parent is the best interests of the child. Wallace v. Wallace, 485 So.2d 740
(Ala.Civ.App. 1986). The trial court has broad discretion in deciding on visitation rights. Wallace. Its judgment will not be reversed on appeal unless the evidence shows it to be plainly and palpably wrong. Wallace.
The original judgment of divorce included a detailed agreement between the parties concerning the father's rights to visitation. The schedule provided for liberal visitation including mid-week visitation. After the mother's relocation, the mid-week visitation became virtually impossible.
At the hearing both parents testified concerning the complications of scheduling visitation during the school year due to the child's extracurricular activities, as well as their concerns with scheduling separate summer vacations with the child.
The trial court modified visitation to provide the father with less visitation during the school year and more visitation during the summer. It appears that the trial court considered the child's best interests, as well as the need for continued contact with her father, in fashioning the visitation schedule. We find no error.
The father next asserts that the trial court erred in awarding sole legal custody to the mother.
Although the parties shared legal custody of the child, the mother was awarded primary physical custody; therefore, the rule of Ex parte McLendon, 455 So.2d 863 (Ala. 1984), controls. Pursuant to that rule the mother must show that a material change in circumstances has occurred since the last decree and that a change in custody will materially promote the child's best interests. Further, she must show that the benefits of the requested change will more than offset the inherently disruptive effect caused by uprooting the child. McLendon. *Page 312 
The child moved to Memphis in 1992. That move created a material change in circumstances. The record reflects that the mother has been the primary caretaker of the child and has made all decisions concerning the child since the move. The reality is that the parents have not shared joint custody since 1992.
The second prong of McLendon is inapplicable. The child was uprooted in 1992 and, apparently, is adjusting quite well in Memphis. There is no error in the decision to give the mother sole legal custody. The geographical distance between the parties and their adversarial relationship do not present a workable environment in which a joint legal custody arrangement could thrive. Hovater v. Hovater, 577 So.2d 461
(Ala.Civ.App. 1990).
The father asserts that the trial court erred in refusing to allow the testimony of an individual with whom the mother had a relationship in 1991. He insists that the testimony related to whether the mother was fit to have custody of the child.
On voir dire, the individual testified that he last saw the mother in November 1991 and that he talked to her for about three minutes in May 1992. The trial court found the proffered evidence to be remote and irrelevant.
There is no error in the trial court's exclusion of the evidence. The parties' agreement concerning custody was modified in July 1992. The individual and the mother had no contact after that time. Any modification of custody must be premised on a change in circumstances occurring since the prior decree. Hovater.
The father asserts that the trial court erred in quashing his request for production of documents.
Rule 26, Ala.R.Civ.P., permits discovery of relevant information. The same rule gives the trial court the authority to limit or restrict the discovery process. When the trial court limits or restricts discovery, such action will be liberally and broadly construed, and the trial court's judgment will not be reversed unless it appears that the trial court has abused its discretionary power. Morgan v. Morgan, 402 So.2d 984
(Ala.Civ.App. 1981).
The record reflects that on June 26, 1995, the mother received a notice for taking her deposition on June 30, 1995. The notice also contained a four-page request for documents. The mother filed a motion to quash the deposition and the request for documents, alleging that the request for documents was oppressive, burdensome, and harassing. The trial court denied the motion to quash the deposition, but granted the motion to quash the request for documents. Because of the time element involved, there was no abuse of the court's discretion.
The father finally asserts that the trial court erred in awarding to the mother $6,500 in attorney fees.
The granting or refusing of attorney fees is a matter within the discretion of the trial court, and its judgment will not be set aside absent an abuse of discretion. Ayers v. Ayers,643 So.2d 1375 (Ala.Civ.App. 1994). We find no abuse.
The mother's request for attorney fees on appeal is denied.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
THIGPEN and MONROE, JJ., concur.
ROBERTSON, P.J., concurs in the result. *Page 313