YATES, Presiding Judge.
On October 13, 2000, Lewis Underwood petitioned for a modification of a divorce judgment entered on June 16, 1997. The divorce judgment had incorporated an agreement of the parties, which stated, in pertinent part,
“[J.L.U.], a handicapped child of the parties who is now of age, shall be allowed to five with [the mother] if he so desires, and [the father] shall be allowed to visit with the said [child] at reasonable times and places, without interference on the part of [the mother] if such visitation is agreeable with [the child].”
(Emphasis added.) The father alleged that the mother, Janet Sue Underwood, was denying him visitation with the parties’ handicapped adult son and asked that she be held in contempt. The mother moved to dismiss the father’s petition, arguing that the parties’ son had “never been formally declared incompetent”; that the Alabama court lacked jurisdiction, because the son resided in North Carolina; that she had no legal authority to require the son to visit with the father; and that the court had heard testimony from the son in two previous hearings and had found that the son did not desire to live with or to visit with the father.
After conducting an ore tenus proceeding, the court, on January 31, 2001, entered an order dismissing the father’s petition. The court’s order stated, in part:
“This Court finds that [J.L.U.] is an adult child of [Lewis Underwood], [J.L.U.] is 33 or 34 years old. He is mentally handicapped. He draws Social Security as a mentally deficient person. He uses this money to support himself. The father pays no child support for his mentally deficient adult child. The Court, on prior occasions, has observed the adult child and questioned the adult child and the Court finds that the child does not want to visit with the father either because of legitimate fear or because of the influence of his mother and sisters. This Court has no authority to order an adult mentally handicapped child to visit his father.”
The father appeals. He argues that the court erred in dismissing his motion and that, “based on the Court’s findings of facts, [he] was entitled to relief from the prior orders of the trial court.” We note that this is the third attempt by the father to force visitation.
On June 3, 1998, the trial court entered an order stating:
“The father filed this petition seeking to hold the mother in contempt of court for interfering with the father’s right to visit with his handicapped adult child.
“The Court finds that [J.L.U.] is 32 years old and is mentally handicapped. The Court further finds that [he] is free to make a decision as to whether to visit [the father] and he is not agreeable to visiting with his father.
“The Court finds that the father has physically and verbally abused his son throughout his son’s life. The Court has observed the father confront [the mother], his daughter, [and] his son ... in the hall of the courthouse in a threatening manner and heard the father state in a threatening manner that no one would *60 tell him when he could see his son. The Court finds that the son does not desire to visit with the father. The son characterized the father as being grouchy and hateful and worked him too hard.
"[A]ll of the daughter[s] testified that the father was mean and abusive to all of them, and had been mean and abusive as long as they could remember.... [J.L.U.] does not like his father because of the father’s conduct and behavior and does not want to visit with his father. Even though the son is handicapped, he is reacting like everyone else to the father’s abusive conduct.
“The Court further finds that the mother is not in contempt of court and that the problemfs] that the father has with his son were brought on by the father’s conduct and caused by the father himself.”
On December 1, 1999, the court entered an order, stating, in part:
“The father is asking the Court to order a psychological exam of the child so that ultimately the Court will order the child to visit with the father or spend time with the father. The Court heard testimony at the divorce hearing and at this motion hearing relative to the father and son’s desires so far as visitation and contact is concerned. The Court has observed the adult child and questioned the adult child and the Court finds that the child does not want to visit with the father either because of legitimate fear or because of the influence of his mother and sisters. The Court further finds that the adult child will not consent to a psychological examination.
“The Court finds that the son, [J.L.U.], is of no danger to himself or to others. He just does not want to visit with his father or visit with a psychiatrist or psychologist.
“Since the son is an adult, supporting himself with his Social Security benefits and is not receiving adult child support from his father and is of no danger to himself or to others and has adamantly expressed his fear and refusal to visit with his father, the Court declines to order this adult to submit to a psychological examination or to visit with his father even though the Court is of the opinion that the father and child should spend time together.”
It appears that the father did not appeal from the 1998 or 1999 judgments. In his appeal from the 2001 judgment, he argues that the trial court has jurisdiction over J.L.U. pursuant to § 38-9-1 et seq., Ala. Code 1975. Section 38-9-1 et seq., is the Adult Protective Services Act of 1976. This statute authorizes protective services of adult citizens who are infirm because of “age, disabilities or other like incapacities.” § 38-9-3, Ala.Code 1975. The statute further states that any “interested person may petition the court to order protective placement of an adult for purposes of care.” § 38-9-6, Ala.Code 1975. We find in the record no evidence indicating that the father has petitioned the court under the statute for protective services of the son.
This court has previously recognized a trial court’s discretion to award visitation rights to a noncustodial parent in a modification proceeding. Wallace v. Wallace, 485 So.2d 740 (Ala.Civ.App.1986). In addition, we acknowledge that a noncustodial parent who provides postminority support for a disabled adult child may have a right to seek court-ordered visitation with that child. Ex parte Cohen, 763 So.2d 253 (Ala.1999) (citing Ex parte Brewington, 445 So.2d 294, 297 (Ala.1983) (parents have a duty “to support their children who continue to be disabled beyond their minority”)). However, we find no caselaw *61 to support the father’s argument that the trial court had authority to order visitation for a self-supporting handicapped adult. As noted by the trial court, J.L.U. receives Social Security benefits for his disability and the father provides no form of postmi-nority support. Accordingly, the trial court’s judgment is affirmed.
The mother’s request for an attorney fee on appeal is granted, in the amount of $500.
AFFIRMED.
THOMPSON and PITTMAN, JJ., concur.
CRAWLEY and MURDOCK, JJ., concur in the result.