THOMPSON, Presiding Judge.
On May 22, 2012, Darrell Denese Griffin (“the mother”) filed a petition seeking to modify the child-custody and child-support provisions of a 2011 judgment that divorced her from Thomas Ali Griffin (“the father”). In that petition, the mother also sought to have the father held in contempt for his alleged failure to comply with some portions of the divorce judgment pertaining to the division of the parties’ marital property and marital indebtedness. The father answered and counterclaimed, seeking an award of custody of the minor child born of the parties’ marriage. During the pendency of the action, the mother moved the trial court to impute income to the father for the purposes of calculating his child-support obligation. The father later moved to impute income to the mother for that same purpose.
The trial court received ore tenus evidence over the course of three days. At *69 the end of the first day of testimony on August 9, 2012, the trial court left in place what appear to be the custody and visitation provisions of the divorce judgment, pending a final determination of the parties’ claims. The trial court also orally told the parties, among other things, to submit, within seven days, Rule 32, Ala. R. Jud. Admin., child-support forms indicating their respective gross incomes.
On October 11, 2012, the trial court conducted a brief ore tenus hearing at which the father testified that he could not comply with the mother’s discovery requests regarding his income and bank accounts because, the father stated, production of that information might result in a criminal action against him. The father argued that production of the requested discovery would violate his Fifth Amendment right against self-incrimination. The record contains no indication of the nature of the criminal investigation the father purportedly anticipated. Regardless, the trial court overruled the father’s objections to the discovery requests and ordered the father to produce the requested documents within 24 hours.
On October 15, 2012, the mother moved to suspend the father’s visitation based on what she characterized as his admission during the October 11, 2012, hearing that he was engaging in criminal activity. The father later moved the trial court to modify the visitation provision of the divorce judgment.[1]
On June 6, 2013, the trial court entered a final judgment in which it awarded the father visitation with the child on the first, third, and, when applicable, fifth weekends of each month and, in addition to certain holiday visitation, awarded the father visitation with the child every Wednesday night. In addition, the trial court ordered, among other things, that the father pay $494 per month in child support. Although the June 6, 2013, judgment did not explicitly deny the mother’s claims pertaining to the enforcement of the property-division portions of the divorce judgment or the father’s custody-modification claim, that judgment contained language denying any relief sought by the parties that was not specifically addressed in the judgment. The mother timely appealed.
On appeal, the mother first argues that the trial court erred “in its custody and visitation modification determination.” The mother does not specify in her brief filed in this court what aspects of custody the trial court failed to modify. In their claims asserted in this action, both parties sought an award of “primary physical custody” of the child. The record does not contain the 2011 judgment that divorced the parties, and the parties did not present any specific evidence regarding the terms of that judgment concerning the award of custody of the minor child born of the marriage. See Gotlieb v. Collat, 567 So.2d 1302, 1304 (Ala.1990) (An appellant “bear[s] the burden of ensuring that the record on appeal contains sufficient evidence to warrant reversal.”). However, we note that the nature of the questioning and the testimony in the record on appeal indicate that, pursuant to the terms of the divorce judgment, the father exercised visitation with the child on the first, third, and, when applicable, fifth weekends of each month and on Wednesday nights each week. Thus, the record indicates that the divorce judgment awarded the mother primary physical custody of the child. See Ex parte Johnson, 673 So.2d 410, 413-14 (Ala.1994) (Although the parties referred to an initial award of joint custody, be *70 cause that award favored the mother, it constituted an award of primary physical custody.). The June 6, 2013, judgment from which the mother now appeals also awards her primary physical custody of the child. To the extent the mother argues that the trial court erred in failing to modify • custody, the mother has failed to demonstrate error on appeal.
We now address the mother’s argument as it pertains to her contention that the trial court erred in failing to modify the father’s visitation. The mother again fails in her appellate brief to address the specific error with regard to visitation that she contends was made by the trial court. However, reading her entire argument on the issue, it appears that the mother focuses primarily on the request made in her initial petition that the father’s midweek visitation be terminated. The mother contends in her appellate brief that she met the standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984), with regard to her claim seeking a modification of the father’s visitation. However, we note that a parent seeking to modify the visitation rights of a noncustodial parent must demonstrate a material change in circumstances and that the proposed change in visitation would serve the child’s best interests. Ex parte Dean, 137 So.3d 341, 342 n. 2 (Ala.Civ.App.2013); In re Stewart, 481 So.2d 899, 901 (Ala.Civ.App.1985). Further,
“[t]he trial court has broad discretion in deciding on visitation rights of the noncustodial parent. Wallace v. Wallace, 485 So.2d 740 (Ala.Civ.App.1986). This discretion applies to modification proceedings as well as to the original custody proceeding. Id. ‘When the issue of visitation is determined after oral proceedings, the trial court’s determination of the issue will not be disturbed absent an abuse of discretion or a showing that it is plainly in error. Andrews v. Andrews, 520 So.2d 512 (Ala. Civ.App.1987).’ Dominick v. Dominick, 622 So.2d 402, 403 (Ala.Civ.App.1993).”
Flanagan v. Flanagan, 656 So.2d 1228, 1230 (Ala.Civ.App.1995).
In arguing that the trial court erred in denying her request that the father’s midweek visitation be terminated, the mother points out that the father, in refusing to answer certain discovery requests concerning his financial documents, testified before the trial court that the production of those documents would violate his Fifth Amendment right against self-incrimination. The record does not specify the nature of the criminal activity that might be reflected in those documents. In her October 15, 2013, “motion to reconsider,” the mother’s attorney made a specific allegation concerning an alleged past criminal prosecution of the father. The mother references that allegation in her initial brief to this court as if it were evidence that could be considered by the trial court, but the statements or arguments of a party’s attorney made in a motion do not constitute evidence. Fountain Fin., Inc. v. Hines, 788 So.2d 155, 159 (Ala.2000) (holding that statements in a motion were not evidence); A.T. v. P.A.F., 142 So.3d 700, 703 (Ala.Civ.App.2013) (“The arguments and representations of the parties’ attorneys do not constitute evidence.”).
We note that, in her reply brief, the mother argues that the father’s past criminal conduct was at issue in the parties’ divorce proceedings and that, in an untranscribed pretrial hearing, the trial court prohibited the parties from referring to that conduct in this action. The record of the parties’ original divorce proceedings is not before this court, and the record in this case does not indicate that the mother objected to the trial court’s purported pretrial ruling or made an offer of proof con *71 cerning any criminal activity in which the father had engaged. Further, the mother did not seek to place such evidence, or any objection she might have made to the trial court’s purported pretrial ruling, before this court pursuant to a Rule 10(d), Ala. R.App. P., statement of the evidence. The record on appeal contains no evidence to support the mother’s allegations that the father had engaged in criminal activity. It is the burden of the mother, as the appellant, to ensure that the record on appeal contains evidence to support her allegations and to warrant reversal. Gotlieb v. Collat, supra; Goree v. Shirley, 765 So.2d 661, 662 (Ala.Civ.App.2000).
The mother also argues that the trial court failed to properly consider the testimony of the child’s counselor, Dr. Lynn Suggs, in its determination of the issue of visitation. Dr. Suggs testified that the midweek visitation was causing the child, who was five years old at the time of the hearings in this matter, “some conflict” because the visitation schedule confused the child. The mother testified that the child often asked which day she was to visit with the father, and the mother believed that the child had experienced behavioral problems because of her uncertainty with regard to visitation. Dr. Suggs agreed with the mother that the child’s occasionally defiant behavior might be caused by stress resulting from the visitation arrangement. However, Dr. Suggs’s testimony also indicated that the parties’ confrontational behavior toward each other was a matter that worried the child. The mother contends that the trial court should have afforded more weight to Dr. Suggs’s testimony. Our review of the record, particularly comments made by the trial court, indicates that the trial court did consider Dr. Suggs’s testimony. The weight to be afforded to an expert’s testimony is to be determined by the trier of fact. G.T.R. v. U.D.R., 632 So.2d 495, 497 (Ala.Civ.App.1993); Bunn v. Bunn, 628 So.2d 695, 697 (Ala.Civ.App.1993).
The mother also presented evidence indicating that, because of his work schedule, the father had left the child with other people during midweek visitation. The evidence also indicates that the father sometimes woke the child as early as 5:00 a.m. to leave her with a third party who took her to school on the mornings following his midweek visitation. Dr. Suggs testified that having other people involved in the father’s midweek visitation was confusing the child. After the first day of testimony in this matter, the trial court specifically instructed the father not to leave the child with other people during his visitation, and the court instructed the parties to work together when the father’s work schedule interfered with his visitation with the child. The trial court also admonished the parties that their behavior in interacting with each other had a negative impact on the child and that they should ensure peaceful visitation exchanges in order to protect the child’s well-being. See Ex parte Clark, 23 So.3d 1107, 1116 (Ala.2009) (“ ‘ “It is the court’s duty to protect the interest of the children with scrupulous care.” ’ ” (quoting Howard v. Howard, 608 So.2d 753, 755 (Ala.Civ.App.1992), quoting in turn Vaughn v. Vaughn, 473 So.2d 1090, 1091 (Ala.Civ.App.1985))).
The mother mentions only briefly the trial court’s denial of her request that the trial court change the father’s visitation schedule to alternating weekends. She cites Dr. Suggs’s testimony reflecting her beliefs that visitation for a noncustodial parent on the first, third, and, when applicable, fifth weekends of the month was “conducive to the child” and that such an arrangement works. The mother testified that she did not like the current arrangement. However, the mother did not pres *72 ent any evidence pertaining to how that visitation arrangement affected the child.
The trial court has broad discretion in determining visitation. Given the record on appeal, we cannot say that the mother has demonstrated that the trial court erred in reaching that part of its June 6, 2013, judgment pertaining to the award of visitation. Accordingly, we affirm .the judgment as to this issue.
The mother next argues that the trial court erred in reaching its child-support determination. The mother contends that the trial court should have imputed income to the father in addition to the income he earned in his part-time employment. See Rule 32, Ala. R. Jud. Admin. The mother and the father each submitted to the trial court a CS-41 child-support form setting forth the amount he or she claimed as gross income for the purposes of determining his or her child-support obligation. However, neither of the parties submitted a calculation of their respective child-support obligations pursuant to the CS^42 child-support form required by Rule 32(E), Ala. R. Jud. Admin. See also Devine v. Devine, 812 So.2d 1278, 1282 (Ala.Civ.App.2001) (explaining that Rule 32(E) requires that the parties submit child-support forms in an action in which child support is at issue).
In reaching its child-support determination, the trial court also did not incorporate the required forms into its judgment. See Rule 32(E), Ala. R. Jud. Admin. The record does not contain a CS-42 form setting forth the method by which the trial court determined child support, and using the figures set forth in the CS-41 forms submitted by the parties does not result in the child-support determination reached by the trial court. We note that this court may affirm a child-support award if such forms are not contained in the record when the court is able to determine, from the evidence in the record, how the trial court reached its child-support calculation. Hayes v. Hayes, 949 So.2d 150, 154-55 (Ala.Civ. App.2006). However, in this case, this court is unable to determine from the evidence in the record the figures the trial court used in reaching its child-support determination. The trial court’s failure to incorporate into its judgment the required child-support forms leaves this court unable to review the mother’s argument on appeal. Accordingly, we reverse the judgment as to this issue and remand the case for the trial court to enter a child-support judgment that complies with Rule 32, Ala. R. Jud. Admin. C.M.M. v. S.F., 975 So.2d 975, 982 (Ala.Civ.App.2007); Wilkerson v. Waldrop, 895 So.2d 347, 348-49 (Ala.Civ. App.2004).
The father’s request for an attorney fee on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. We note that, during the ore tenus hearings, the father did not prosecute the claim he asserted seeking a modification of custody of the child.