DONALDSON, Judge.
Loren A- Farquhar (“the mother”) appeals from a judgment of the Montgomery Circuit Court (“the triaL court”) modifying thq, child-support obligation of Christopher L. Farquhar (“the father”) and calculating an arrearage amount owed by the father. We reverse the trial court’s judgment and remand the case for further proceedings consistent with this opinion. ¡
The parties were divorced by a 2011 judgment entered by the trial court. That judgment directed the father to pay the mother $1,050 per month as child support for their two minor daughters. On December 19, 2012, the mother filed a petition in the trial court seeking the entry of an income-withholding order and an order holding the father in contempt for his child-support arrearage. The mother attached a Form CS-41 Child~Support>-Obligation Income Statement/Affidavit (“CS-41 income affidavit”)' to her motion. On January 22, 2013, the trial court entered an order directing the father to appear and show cause why the mother’s motion'for the entry of the income-withholding order should not be granted. After the father did not respond to the trial court’s order, the trial court entered an income-withholding order on February 26, 2013.
On August 8, 2013, a hearing was held on the mother’s petition for contempt. Both parties were present at the hearing and testified. The father did not submit a CS-41 income affidavit. On August 20, 2013, the mother filed a motion to substitute an amended CS-41 income affidavit to correct a miscalculation of the . cost of *525 monthly health-insurance premiums she was paying for the children. On August 29, 2014, the trial court entered a judgment finding the father in contempt for failing to pay child support as had been ordered. The trial court determined the father’s total arrearage to be $12,782.24, after allowing for various credits. The trial court also awarded interest on the arrearage, but it did not calculate the amount of that interest. The trial court further ordered that, effective August 9, 2013, the father’s child-support obligation would be -$704.55 per month, and it ordered the father to pay an . additional $95.45 per month toward the child-support arrearage. The trial court’s judgment did not include as appendices or incorporate by reference a CS-42 Child-Support Guidelines form or a CS^il income affidavit from either party. The mother filed a timely notice of appeal.
We initially determined that the judgment was not final because it did not award a sum-certain interest amount. See Swindle v. Swindle, 157 So.3d 983, 989 n. 3 (Ala.Civ.App.2014). On June 24, 2015, we remanded the case by order to the trial court for 14 days for it:to adjudicate the amount of interest. On July 7, 2015, on remand, the trial court entered an order (“the amended order”) finding as- follows:
“[T]his Court reviewed the record to ascertain dates when payments were made by the Defendant/Father to the Mother to calculate interest due on each installment from its due date.- This calculation could not be done, as the Father testified -to ‘lots’ of direct payments, to the Mother, but did not specify dates when payments were made. Notwithstanding the same, the Court -credited the testimony of the Father.[1] The undersigned further notes that this testimony of ‘lots’ of direct payments to the Mother was not disputed by the Mother;
“The Mother asserts that she is due interest in the amount of $965.75. The Father did not dispute the same.- As the Court reviewed Mother’s Exhibit one, and finds no obvious error, interest is ordered in the amount of $965.75.
' The mother raises three issues on' appeal: 1) whether the trial court erred by modifying the father's child-support obligation without complying with Rule 32(E), Ala. R. Jud. Admin.; 2) whether the trial court exceeded its discretion by failing to impute' additional[1] irteoriie 'to the father;- and 3) whether the trial court exceeded its discretion by calculating an arrearage amount that is unsupported by the evidence and by failing to[1] award a sum certain in interest on that arrearage.
The. mother first argues that the trial court erred in. modifying the father’s child-support obligation -without complying with Rule 32(E), Ala. R. Jud. Admin., which provides, in pertinent part:
“A standardized” Child-Support Guidelines- form (Form 'CS-42 as appended to this, rule) and a ChikVSupport-Obli-gation Income Statement/Affidavit form (Form CS-41 as appended to this rule) shall be filed in each action to establish or modify child-support obligations and shall be of record and shall be deemed to be incorporated by reference in the court’s child-support order.”
This court has stated:
“In reaching its child-support determination, the trial court also did not in- *526 . corporate the required forms into its judgment. ■ See Rule 32(E), Ala. R. Jud. Admin. The record- does not contain a CS-42 form setting forth the method by which the trial court determined child support, and using the figures set forth in the CS-41 forms submitted by the parties does not result in the child-support determination reached by the trial court. We note that this court may affirm a child-support award if such forms are not contained in the record when the court is ablé to determine, from the evidence in the record,’how the trial court reached its child-support calculation. Hayes v. Hayes, 949 So.2d 150, 154-55 (Ala.Civ.App.2006).”
Griffin v. Griffin, 159 So.3d 67, 72 (Ala.Civ.App.2014). In this case,., the record does not contain a CS-42 Child-Support Guidelines form or a CS-41 income affidavit prepared by the father. As in Griffin,
“this court is unable to determine from the evidence in the record the figures the trial court used in reaching its .child-support determination. The trial court’s failure to incorporate into its judgment the required child-support forms leaves this court unable to review the mother’s argument on appeal. Accordingly, we reverse the judgment as to this issue 'and remand the case for the trial court to enter a child-support judgment that complies with Rule 32, Ala. R. Jud. Admin. C.M.M. v. S.F., 975 So.2d 975, 982 (Ala.Civ.App.2007); Wilkerson v. Waldrop, 895 So.2d 347, 348-49 (Ala.Civ.App.2004).”
159 So.3d at 72. Accordingly, we must reverse that portion of the júdgmént modifying the father’s child-support obligation and remand the case for the trial court to comply with Rule 32, Ala. R. Jud. Admin.
The mother also argues that the trial court exceeded its discretion by failing to impute income to the father above the amounts to which he testified at trial. Because we are unable to determine the calculations used by the trial court in computing the incomes of the parties and determining the amount of child support owed, we cannot evaluate this argument and, therefore, pretermit discussion of this issue.
The mother also argues that the trial court exceeded its discretion in calculating the father’s child-support arrearage. The trial court ordered:
“[T]he Former Husband’s child support payments dated July 16, 2013, and July 17, 2013, are due to be credited to the [father’s] child support arrearages due of $15,266.86. See [the mother’s] Exhibit 1 admitted into evidence. After applying those two payments, the [father’s] child support arrearage is $13,782.24, exclusive of interest. Additionally, the [father] is entitled to a credit of $1,000.00 for a one-time payment of $1,000.00. Thus, the total amount of child support arrearages owed is $12,782.24/ Said total amount plus interest is reduced to a judgment against the .[father], in favor of the [mother], for which execution shall lie. The [mother] may utilize any lawful means to collect on said judgment.”
The mother argues that the trial court’s judgment does not indicate how the ar-rearage was calculated. However, the trial court admitted the mother’s Exhibit 1, which is a detailed history of the father’s child-support-payment history from July 15, 2011, through July 15, 2013. Exhibit 1 indicates a total . arrearage claimed of $15,266.86 and interest in the amount of $965.75, which are the same amounts awarded by the trial court. To the extent that the trial court’s- judgment found the arrearage to be $15,266.86 and the interest to. be $965.75, those findings are supported by the record and are within the trial *527 court’s discretion. The trial court’s amended order, however, stated that it “did not credit the Father with money directly paid to the Mother on ‘lots’ of occasions, as there was no way to calculate the same, there were no receipts and as the same was not a sum certain except the one-time payment of $1,000.00.” After deducting $1,000 from the $15,266.86 arrear-age, there are no exhibits or testimony in the record that support the additional amount of $1,484.62 that the trial court credited for child-support “payments dated July 16, 2013, and July 17, 2013.” This court has held that when a judgment of arrearage “contains no. indication of how the court determined the amounts that it did” and the “court’s calculation of arrear-age has no support in the evidence^ the judgment] is due to be reversed.” State Dep’t of Human Res. ex rel. Briley v. Dobbins, 628 So.2d 931, 932 (Ala.Civ.App.1993). Although the trial court’s total-arrearage and interest amounts were within the trial court’s discretion and supported by the record, the record does not support the $1,484.62 in'credits that the trial court deducted from the child-support arrearage.
Therefore, we reverse the judgment insofar as it determines the amount of child support and the amount of the father’s child-support arrearage, and we remand the case to the trial court to enter a child-support judgment that complies with Rule 32, Ala. R. Jud. Admin., and to enter an arrearage award that is supported by the record.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

"1 The Father testified that he made 'lots’ of direct payments to the Mother, including one payment of $i,0í)Ó.00. The Court did not credit the Father with money directly paid to the Mother on 'lots’ • of occasions, as there was no way to calculate the same, there were no receipts and as the same was not a sum certain except the one-time payment of $1,000.00.” ‘ ■