Theron Michael Covin appeals from a judgment of the Montgomery County Circuit Court dismissing his complaint for lack of subject matter jurisdiction. We reverse and remand.
Covin is a counselor employed by the Center for Counseling and Human Development, a private, nonprofit organization. Since 1980, Covin has also been licensed by the Alabama Board of Examiners in Counseling ("the Board") as a professional counselor authorized to engage in the private practice of counseling.
In May 1995, the Board commenced an administrative disciplinary proceeding against Covin. In its complaint, the Board alleged that Covin had violated several ethical standards previously adopted by the Board, and directed Covin to appear before it to show cause why he should not have his counseling license revoked or suspended or be placed on probation. After a five-day hearing, the Board entered an order on January 24, 1996, adopting the findings of fact filed by its appointed hearing officer, suspending Covin's counseling license for one year, and conditioning reinstatement of his license upon his satisfactory completion of a period of supervision of his practice by a third party approved by the Board. Covin filed a notice of appeal with the Board on February 12, 1996.
On February 22, 1996, Covin filed a complaint in the Montgomery County Circuit Court, naming as defendants the Board; Windell Williamson, in his individual capacity and in his official capacity as chairperson of the Board; and Ken Norem, Allen Wilcoxon, and Rene Middleton, in their individual capacities and in their official capacities as members of the Board. Covin's complaint alleged (1) that the Board was without jurisdiction to discipline him; (2) that his hearing was not held within the time limitations set forth in § 34-8A-16(b), Ala. Code 1975, a portion of the chapter of the Alabama Code governing the Board; (3) that the Board failed to provide him with a more definite statement of the charges against him, in violation of § 41-22-12(b)(4), a portion of the Alabama Administrative procedure Act *Page 1105 
("AAPA"); (4) that his constitutional due process rights and his rights under the AAPA had been violated because the Board's hearing officer and its prosecuting attorney were both assistant attorneys general; (5) that the Board erred in failing to grant a motion to strike all of its witnesses; (6) that the Board allowed improper testimony to be offered; (7) that the Board was without authority to hire a hearing officer; (8) that the procedure by which the defendants conducted the hearing generally violated his substantive and procedural due process rights, and that the Board's decision was clearly erroneous, unreasonable, arbitrary, capricious, or an abuse or clearly unwarranted exercise of discretion; (9) that the Board's order was due to be stayed; and (10) that the actions of the defendants were taken under color of state law and that their actions deprived him of his federal constitutional rights (citing 42 U.S.C. § 1983). Covin requested that the Board's allegations and findings against him be retracted; he demanded compensatory and punitive damages from the defendants; and he sought a jury trial on all issues so triable.
The Board and the individual defendants filed a motion to dismiss or, in the alternative, for a summary judgment, contending, among other things, that the Board and its members were immune from suit and liability; that Covin's complaint did not constitute a proper petition for judicial review under the AAPA (see § 41-22-20, Ala. Code 1975); and that Covin did not raise his subject matter jurisdiction objections before the Board. The trial court granted the defendants' motion for summary judgment, concluding that Covin's "proper remedy was to file a petition for review pursuant to the [AAPA]"; that "he did not" do so; and that the court was therefore without jurisdiction to consider Covin's complaint. The trial court further stated that "[i]f it were to review the Board's decision, based on the facts presented, the Court would find that Covin is subject to the jurisdiction of the Board."
On appeal, Covin contends, among other things, that his complaint was sufficient to invoke the jurisdiction of the trial court to review the Board's disciplinary sanctions. The Board contends, as the trial court concluded, that Covin did not follow the procedures set forth in the AAPA for obtaining judicial review of an agency decision.
The AAPA provides, in pertinent part, that a party who has exhausted all administrative remedies and who is aggrieved by a final agency decision in a contested case is entitled to judicial review. Ala. Code 1975, § 41-22-20(a). Under the AAPA, this process is initiated by filing a notice of appeal with the pertinent agency within 30 days of the receipt of notice of its decision (or within 30 days after its decision on any application for rehearing) and by posting with the agency a bond for costs. § 41-22-20(b), (d). Covin filed a notice of appeal on February 12, 1996, within 30 days of the Board's final order, but he did not file a cost bond until April 2, 1996. However, the Board does not rely upon the delayed filing of a cost bond as a ground for affirmance, and this court's opinions make it clear that, under the AAPA, such a delay in filing a cost bond will not defeat the jurisdiction of the trial court. See State Dep't of Human Resources v. Funk,651 So.2d 12, 14 (Ala.Civ.App. 1994) ("nothing in [§ 41-22-20(d)] suggests that posting security for costs within the statutory time limit is a jurisdictional requirement for perfecting an appeal"; discussing pertinent earlier authorities).
The next step outlined in the AAPA for perfecting a request for judicial review of an agency decision is the filing, within 30 days after the notice of appeal, of a petition for review in the circuit court of either (1) Montgomery County, (2) the county where the pertinent agency is headquartered, or (3) the county where a party resides. Ala. Code 1975, § 41-22-20(c). Under the AAPA, the petition for review must name the agency as respondent and must concisely state "(1) The nature of the agency action which is the subject of the petition; (2) The particular agency action appealed from; (3) The facts and law upon which jurisdiction and venue are based; (4) The grounds on which relief is sought; and (5) The relief sought." §41-22-20(h). In addition, because an appeal from an agency decision must be heard in the *Page 1106 
circuit court, the Alabama Rules of Civil Procedure apply to such appeals, in all areas not governed by applicable statutes. Rule 81(a)(32), Ala.R.Civ.P.
Covin's complaint contains 10 counts (including one count seeking damages under 42 U.S.C. § 1983), names several members of the Board in their official and individual capacities as additional parties, and demands a jury trial on all issues so triable. The Board correctly notes that the AAPA envisions neither a jury trial nor a de novo review of an agency's decision, but mandates a limited review by the trial judge on the record developed before the agency. However, several counts of Covin's complaint allege procedural errors by the Board in the conduct of the proceedings leading up to its decision to discipline him.
The AAPA provides that when, as here, no specific standards of review are set forth in appeal or review statutes applicable to an administrative agency, the trial court
 "may reverse or modify the decision or grant other appropriate relief from the agency action, equitable or legal . . . if substantial rights of the petitioner have been prejudiced because the agency action is . . .:
 "(1) In violation of constitutional or statutory provisions;
 "(2) In excess of the statutory authority of the agency;
 "(3) In violation of any pertinent agency rule;
"(4) Made upon unlawful procedure;
"(5) Affected by other error of law;
 "(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 "(7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.
Ala. Code 1975, § 41-22-20(k). In his complaint, Covin set forth several substantive and procedural challenges to the Board's decision that fall within the seven subdivisions of §41-22-20(k). If the conduct Covin alleges is found to be true and is found to have prejudiced Covin's substantial rights, then the trial court could properly reverse the Board's decision. We conclude that these allegations fulfill the AAPA's formal requirements for a petition for review.
The Board contends that Covin's actions in this case are similar to those of the plaintiff in Ex parte Smith,683 So.2d 431 (Ala. 1996), aff'g Smith v. Alabama Aviation Tech.College, 683 So.2d 426 (Ala.Civ.App. 1995) ("Smith I"), cert.denied, ___ U.S. ___, 117 S.Ct. 1426, 137 L.Ed.2d 536 (1997), in which the Alabama Supreme Court affirmed the dismissal, on the basis of issue preclusion, of a federal civil rights claim of a professor against three school administrators based upon an allegedly wrongful termination of his employment where he had failed to take an appeal, pursuant to the AAPA, from the decision of an administrative review panel upholding his termination.
However, as this court's opinion in Smith I indicates, the plaintiff in that case waited almost two years to bring his civil rights claims, well after the time for initiating judicial review under the AAPA. 683 So.2d at 428. Because theSmith plaintiff failed to utilize the review procedures set forth in the AAPA, the administrative decision that aggrieved him had become final by the time he filed his complaint against the administrators, and he was precluded from relitigating his constitutional claims. As the Alabama Supreme Court has noted, one of the elements necessary for the doctrine of issue preclusion to apply is the existence of a "valid, final" judgment. Shelby County Planning Comm'n v. Seale,564 So.2d 900, 901-02 (Ala. 1990). Covin's § 1983 claim was asserted at the same time as his counts seeking judicial review of the Board's decision, which we have concluded properly invoked the trial court's subject matter jurisdiction to review (and, if legally appropriate, to reverse) that decision. Therefore, the Board's decision is inherently not final, and it cannot operate to preclude Covin from raising his § 1983 claim in the same manner that the unappealed administrative decision in Smith
precluded the plaintiff in that case from raising his § 1983 claims. *Page 1107 
While the viability of Covin's federal civil rights claim is certainly dependent upon the outcome of his counts seeking judicial review, that alone does not prevent, under the Alabama Rules of Civil Procedure, its being asserted in the same proceeding. Rule 18(b), in particular, allows the joinder of a claim that is cognizable only after another claim has been prosecuted to a conclusion. Rule 20(a) permits a party, subject to the trial court's powers of severance, to join as defendants any parties as to which he or she asserts "any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences," if any common question of law or fact will arise. Rule 39(a) directs the trial court, in the absence of a contrary stipulation, to give effect to a party's demand for a trial by jury as to all issues that are triable by a jury under the Constitution or statutes of this state. Finally, Rule 42(b) vests in the trial court the discretion to order, or not to order, separate trials of any claim or issue presented in a multi-claim or multi-issue action. The trial court, upon remand, will be called upon to properly apply these rules, so as to afford the parties a "just, speedy and inexpensive determination" of the merits of Covin's claims. Rule 1(c), Ala.R.Civ.P.[1]
We conclude that the trial court erred in holding that it lacked subject matter jurisdiction to consider Covin's complaint, which included both claims seeking judicial review of an administrative decision and a derivative federal civil rights claim that is not barred by the doctrine of issue preclusion. Accordingly, we reverse the judgment of dismissal and remand the cause for further proceedings, to include a determination concerning the power of the Board to discipline Covin under Ala. Code 1975, § 34-8A-1 et seq., under the specific facts of this case.
REVERSED AND REMANDED.
YATES and MONROE, JJ., concur.
THOMPSON, J., concurs in the result.
CRAWLEY, J., recuses.
[1] Because the trial court's judgment was based solely upon its conclusion that it lacked subject matter jurisdiction to adjudicate the merits of Covin's complaint, we do not reach the issue whether any or all of the defendants are immune from suit or liability under pertinent state or federal precedents with respect to any or all of Covin's claims, as the defendants contended below.