THOMAS, Judge.
Shirley Guthrie appeals from a decision of the Baldwin Circuit Court (“the trial court”) dismissing her appeal of the decision of the Alabama Department of Labor (“the Department”) denying her claim for unemployment compensation benefits.
The record indicates that, on May 14, 2018, the Department mailed Guthrie a notice that her claim for unemployment-compensation benefits had been denied (“the disqualification notice”) and that she had 15 days from the date the notice was mailed to appeal the denial of her claim to the Department’s Hearing and Appeals Division. The Department received Guthrie’s notice of appeal to the Hearing and Appeals Division on June 5, 2013, more than 15 days after the disqualification notice was mailed. The record indicates that a hearing was held before an administrative hearing officer (“AHO”) solely on the issue whether Guthrie’s untimely appeal should be allowed to proceed. The AHO mailed Guthrie a decision on June 26, 2013, which stated that, because the appeal was untimely and because there was no evidence indicating that Guthrie had experienced problems with her mail, the AHO was without jurisdiction to decide the appeal on its merits. Therefore, the May 14, 2013, decision to deny her claim for unemployment-compensation benefits became final.
Guthrie subsequently filed an application for leave to appeal the decision of the AHO to the State Board of Appeals for the Department; the Board of Appeals mailed her a “Disallowance of Application for Leave to Appeal to the Board of Appeals” on July 19, 2013. That notice also informed Guthrie that she could appeal to the trial court within 30 days and that notification of an appeal “shall [be] mailed ... to the parties to the proceeding, at their last known address. The Director [of the Department] shall be deemed to be a party to all such proceedings and to any judicial action involving any such decision.” Guthrie filed a pro se notice of appeal with the trial court on July 22, 2013, naming the “State of Alabama (Unemployment Division)” as the defendant.[1] On October 17, 2013, the trial court entered an order stating that Guthrie had 30 days to perfect service on the director or the case would be automatically dismissed. Guthrie took no steps to have the director served between October 2013 and January 2014. The trial court entered an order on January 9, 2014, dismissing the case without prejudice for failure to perfect service on the director.[2]
*817 On January 21, 2014, Guthrie filed what we construe as a Rule 59, Ala. R. Civ. P., postjudgment motion in which she alleged that she had not received the October 17, 2018, order and asked that the trial court reopen the case. The trial court denied the postjudgment motion on February 18, 2014. Guthrie filed a notice of appeal to our supreme court on February 18, 2014; that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975. Represented by counsel on appeal, Guthrie argues that the trial court erred by dismissing her case for lack of service.
Guthrie argues in her brief to this court that the trial court improperly dismissed her appeal of the denial of unemployment-compensation benefits based upon a misapplication of § 25-4-95, Ala.Code 1975, which provides, in pertinent part:
“Within 30 days after the decision of the board of appeals has become final, any party to the proceeding including the director who claims to be aggrieved by the decision may secure a judicial review thereof by filing a notice of appeal in the circuit court of the county of the residence of the claimant; except, that if the claimant does not reside in this state at the time the appeal is taken, the notice of appeal shall be filed in the circuit court of the county in this state in which the claimant last resided, or in the circuit court of the county in this state wherein the claimant last worked. In such action, the notice of appeal need not be verified, but shall state the grounds upon which a review is sought. A copy shall be served upon the director or upon such person as the director may designate (and for the purpose hereof, mailing a copy addressed to the director at Montgomery by registered or certified mail shall be deemed service on the director), and such service shall be deemed completed service on all parties .... ”
We disagree that the trial court dismissed Guthrie’s appeal due to a misapplication of § 25-4-95; rather, we conclude that the trial court dismissed the appeal pursuant to Rule 4(b), Ala. R. Civ. P., which provides, in pertinent part:
“If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative, after at least fourteen (14) days’ notice to the plaintiff, may dismiss the action without prejudice as to the defendant upon whom service was not made or direct that service be effected within a specified time; provided, however, that if the plaintiff shows good cause for the failure to serve the defendant, the court shall extend the time for service for an appropriate period.”
Before we discuss the application of Rule 4(b) to the case at hand, we note that Rule 81(a), Ala. R. Civ. P., provides that, unless the applicable statute provides otherwise, the Alabama Rules of Civil Procedure apply to proceedings such as an appeal of the denial of unemployment-compensation benefits to the circuit court. Our supreme court has also concluded that, “[o]nce an [administrative] appeal is in the circuit court, the Alabama Rules of Civil Procedure apply. Rule 81(a), Ala. R. Civ. P., Covin v. Alabama Bd. of Examiners in Counseling, 712 So.2d 1103 (Ala.Civ.App.1998).” Ex parte General Motors *818 Corp., 800 So.2d 159, 163 (Ala.2000) (concluding that the portion of § 25-4-95 that provides that an aggrieved party may appeal by filing a notice of appeal in the county in which the claimant resides was not jurisdictional but, rather, merely designated proper venue).
In Ex parte Doty, 564 So.2d 448, 446 (Ala.1989), our supreme court held that § 25-4-95 does not require that the director be served within the period provided for filing the notice of appeal to the circuit court.[3] 564 So.2d at 446. Our supreme court went on to conclude that, “[b]ecause [§ 25-4-95] does not specify a time period for filing with the director, the law requires filing within a reasonable time.” Id. Neither § 25-4-95 nor our supreme court’s decisions provide guidance regarding a reasonable time to allow service of the director; therefore, the application of Rule 4(b) does not appear to conflict with the statute. Moreover, it would appear that to deny the application of Rule 4(b) in this circumstance would result in the unreasonable consequence of allowing an appeal of a denial of unemployment-compensation benefits to a circuit court to remain pending indefinitely. Furthermore, “[i]t is well established that a trial court must be vested with the authority ‘to manage its affairs in order to achieve the orderly and expeditious disposition of cases.’” Mangiafico v. Street, 767 So.2d 1103, 1105 (Ala.2000)(quoting Iverson v. Xpert Tune, Inc., 553 So.2d 82, 87 (Ala.1989)). Stripped of the ability to enforce the Alabama Rules of Civil Procedure, a trial court is rendered virtually powerless to manage its own docket.
Our supreme court held in Ex parte Doty that notice to the director of the Department is a procedural matter and is not a prerequisite to a circuit court’s obtaining jurisdiction. 564 So.2d at 446. However, in the cases discussed in Ex parte Doty, the petitioners had properly notified the circuit clerk’s office as to where service could be had on the director. Id. at 445. Conversely, in the present case, other than listing “State of Alabama (Unemployment Division)” as the defendant on the Alabama Rules of Civil Procedure Form 93 circuit court-civil case cover sheet,' Guthrie did not take any action to compel service on the director.[4] Furthermore, in Ex parte Doty, our supreme stated in dicta that, “[a]s long as plaintiff has given where service may be attempted or where it may be perfected by publication, or otherwise, and pursues service of process with reasonable diligence, plaintiff has sufficiently invoked the jurisdiction of the court and the statute of limitations is tolled.” Id.
The trial court’s order entered on October 17, 2013, instructed Guthrie to perfect service on the director or the case would be dismissed. Although the order stated that the case would be dismissed if service was not perfected in 30 days, the trial court did not enter the order dismissing the case until January 9, 2014, more than 30 days after October 17, 2013, and more than 120 days after Guthrie had filed her notice of appeal to the circuit court. Guthrie filed an unverified postjudgment motion in which she claimed that she had *819 not received the order instructing her to serve the director and also that she had repeatedly contacted the office of the circuit clerk and the trial court’s secretary regarding the case. However, “statements or arguments ... made in a motion do not constitute evidence.” Griffin v. Griffin, 159 So.3d 67, 70 (Ala.Civ.App.2014) (citing Fountain Fin., Inc. v. Hines, 788 So.2d 155, 159 (Ala.2000) (holding that statements in a motion are not evidence)). Guthrie argues in her brief to this court that she was unaware that it was her responsibility to notify the director of her appeal and also that she did not receive the trial court’s October 17, 2013, order. We note that, although it was not necessarily as clear as it could have been, the correspondence Guthrie received from the Department nonetheless apprised her of her responsibility to notify the director of her appeal. Furthermore, it is the duty of a party, even one acting pro se, to keep abreast of the status of his or her case. Waters v. Smith, 586 So.2d 22, 22 (Ala.Civ.App.1991).
Our supreme court has held that a trial court must give a plaintiff at least 14 days’ notice before dismissing an action pursuant to Rule 4(b). Voltz v. Dyess, 148 So.3d 425, 427 (Ala.2014). As previously noted, the trial court in the present case provided Guthrie well over 14 days’ notice that she had failed to serve the director and that continued failure would result in dismissal of her appeal. Because Guthrie failed to serve the director, who is the representative of the defendant in this action, in accordance with Rule 4(b) and as ordered by the trial court, we cannot conclude that the trial court erred to reversal by dismissing Guthrie’s appeal from the Board of Appeals. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THOMPSON, P.J., and DONALDSON, J., concur.
PITTMAN, J., concurs in the result, without writing.
MOORE, J., concurs in the result, with writing.

. We note that the only issue on appeal before the trial court was whether the Board of Appeals had erred by refusing to hear Guthrie's untimely appeal of the denial of her claim for unemployment-compensation benefits.

. We note that dismissals without prejudice are typically unable to support an appeal. Palughi v. Dow, 659 So.2d 112, 113 (Ala.1995). However, we also note that when the applicable statute of limitations would bar a subsequent action, the dismissal becomes, in *817 effect, a dismissal with prejudice. Boone v. Bill’s Dollar Stores, Inc., 828 So.2d 320, 322 (Ala.Civ.App.2002). In the present case, the record indicates that, at the time the trial court dismissed the case, the 30 days allowed for an appeal to the circuit court pursuant to § 25-4-95 had expired. Therefore, we have determined that the trial court's dismissal is a final judgment that will support an appeal.

. When Ex parte Doty was decided, § 25-4-95 required that a notice of appeal to the circuit court be filed within 10 days of the' Board of Appeals’ decision becoming final. That 10-day period was increased to a 30-day period in 1995. See Act No. 95-311, Ala. Acts 1995.

. We note that § 25-4-95 provides that mailing a copy of the notice to the director via registered or certified mail constitutes adequate notice. However, there is nothing in the record to indicate that Guthrie attempted to notify the director of her appeal in that manner.