**Ex parte ALABAMA DEPARTMENT OF MENTAL HEALTH and Commissioner James V. Perdue, in his official capacity as commissioner of the Alabama Department of Mental Health.**

**(In re Northwest Alabama Treatment Center, Inc.**

**v.**

**Alabama Department of Mental Health and Commissioner James V. Perdue, in his official capacity as commissioner of the Alabama Department of Mental Health).**

**2150415.**

Court of Civil Appeals of Alabama.

April 22, 2016.

Luther Strange, atty. gen., and Thomas B. Klinner, gen. counsel, and Edward C. Hixon, asst. atty. gen., Alabama Department of Mental Health, Montgomery, for petitioners.

William J. Baxley, Joel E. Dillard, and David McKnight of Baxley, Dillard, McKnight, James & McElroy, Birmingham, for respondent.

DONALDSON, Judge.

The Alabama Department of Mental Health ("ADMH") and James V. Perdue, in his official capacity as commissioner of ADMH ("the commissioner"), petition this court for a writ of mandamus to the Jefferson Circuit Court, Bessemer Division ("the trial court"), directing that court to set aside an order dated January 13, 2016, granting a stay of ADMH's interim decision to revoke the certification of Northwest Alabama Treatment Center, Inc. ("Northwest"), and to dismiss the proceedings in the trial court. To the extent that ADMH and the commissioner seek a writ of mandamus instructing the trial court to dismiss the proceedings, we deny the petition. Further, we construe ADMH's petition, in part, i.e., insofar as it seeks review of the January 13, 2016, order granting a stay of ADMH's interim decision, to be an appeal. In turn, we dismiss the appeal for lack of appellate jurisdiction.

*Background*

Pursuant to § 22–50–9, Ala.Code 1975, ADMH, a department of state government, is authorized, through its commissioner, "to act in any prudent way to provide mental health services ... for the people of Alabama." ADMH is authorized pursuant to § 22–50–11(11), Ala.Code 1975, to

"establish and promulgate reasonable minimum standards for the construction and operation of facilities, including reasonable minimum standards for the admission, diagnosis, care, treatment, transfer of patients or clients and their records, and also including reasonable

minimum standards for providing day care, outpatient care, emergency care, inpatient care and follow-up care when such care is provided for persons, with mental or emotional illness...."

In their petition to this court, ADMH and the commissioner assert that opioid-maintenance therapy facilities (commonly referred to as methadone clinics), in order to conduct operations in Alabama, must be certified by ADMH pursuant to Ala. Admin Code (ADMH), Rule 580–3–23–.06. Pursuant to Ala. Admin Code (ADMH), Rule 580–3–23–.16(4), the commissioner has the authority to decertify an entity "for any material neglect of, disregard of, or noncompliance with these standards and/or violation of federal, state or local law. The ... Commissioner may immediately suspend or revoke any Department Certificate under these standards if the Commissioner finds that a provider's deficiencies with a standard (or standards) poses a serious threat to the safety and welfare of any consumer served as determined by the Commissioner." The materials before us show that ADMH had previously certified the facility operated by Northwest, which is located in Bessemer, to operate as an opioid-maintenance therapy facility and to dispense methadone, a schedule II controlled substance. See § 20–2–25(2)(k), Ala.Code 1975.

On November 13, 2015, the commissioner sent a letter to Robert Beeler, the executive director of Northwest, notifying Northwest of alleged deficiencies that ADMH had detected during a community-standards site visit it had conducted at Northwest's facility in September 2015.[1] The letter requested Northwest to submit a plan of action to correct the deficiencies to the Office of Certification Administration of ADMH within 30 days of the date of the letter. On December 14, 2015, the

---

1. Details pertaining to the alleged deficiencies are not provided by the parties.

commissioner sent Beeler a letter notifying Northwest of alleged deficiencies detected during a second site visit conducted on November 10, 2015. The commissioner stated in the second letter that, "[b]ased on the recommendations of the Associate Commissioner for the Division of Mental Health and Substance Abuse Service and the provisions of the Alabama Administrative Code, § 580–3–23–.04 and § 580–3–23–.16(4), *it is my intent to decertify your agency. . . .*" (Emphasis in original.) The commissioner continued in the second letter: "I further find it necessary to revoke your Department certification as of January 15, 2016, because of deficiencies cited [that] pose a serious threat to the safety and welfare of the consumers being served." The December 14, 2015, letter referenced Northwest's right to appeal ADMH's decision and of the right to an administrative hearing on the matter.

On December 18, 2015, counsel for Northwest sent a letter to the commissioner notifying ADMH of its appeal of the decision to revoke Northwest's certification and requesting an administrative hearing. On December 30, 2015, counsel for Northwest sent correspondence by e-mail to representatives of ADMH requesting that ADMH stay its decision to revoke the certification pending the administrative appeal. That same day, Northwest filed a petition in the trial court seeking judicial review of ADMH's failure to stay its revocation of Northwest's certification pending Northwest's administrative appeal.

On January 4, 2016, the commissioner sent Northwest a notice that ADMH would not stay the decision to decertify Northwest's facility as of January 15, 2016. That same day, the trial court entered an order at the request of Northwest, stating:

"Pursuant to Code of Ala., § 41–22–20(c), and the petition filed herein, the Administrative Orders of the [ADMH] dated November 13, 2015 and December 14, 2015 are stayed as to Northwest . . . pending a resolution of its appeal dated December 18, 2015."

On January 6, 2016, ADMH and the commissioner filed a motion to set aside the trial court's order staying the administrative orders and a motion to dismiss the action for lack of jurisdiction, lack of standing, and improper venue. ADMH and the commissioner also contended in the motion that they had not been properly served with the summons and the complaint pursuant to Rule 4, Ala. R. Civ. P., and that the trial court had failed to provide ADMH and the commissioner with an opportunity to respond to Northwest's petition and, thus, had failed to comply with Rule 40(a), Ala. R. Civ. P. On January 8, 2016, the trial court entered an order setting the matter for a hearing on January 12, 2016.

Following the hearing held on January 12, 2016,[2] the trial court entered a judgment on January 13, 2016, stating:

"On January 8, 2016 the Court set a hearing on [ADMH and the commissioner's] motion to set aside this Court's January 4, 2016 Order staying administrative orders pending appeal. On January 12, the parties appeared before the Court. The parties elected to call no witnesses and submit no documentary evidence to the Court, but by their counsel answered inquiries directed to them by the Court. By agreement and without objection, the parties made specific representations and undisputed factual

---

**2.** The parties have not provided this court with a transcript of the January 12, 2016, hearing.

concessions to the Court, and were allowed to present arguments orally.

"The Court having considered all that was presented to it by the parties, in open court and via pleadings, denies the motion to set aside its January 4, 2016 order.

"[Northwest], a corporation with its registered business office and principal place of business located within the jurisdiction of the Bessemer Division of Jefferson County, is a licensed treatment center which received a notice from [ADMH and the commissioner] dated December 14, 2015, that bore a reference description entitled 'Decertification Effective January 15, 2016'.... This notice was signed by [the commissioner] and provided, in pertinent part, 'my decision to decertify your agency cannot become final until you have been afforded the opportunity for an administrative hearing on the matter. Should you desire to appeal my decision and request a hearing, you must notify me in writing within 15 working days after receipt of this letter. Failure to notify me within the prescribed time will result in my decision becoming final and effective 16 working days after your receipt of this letter.' [Northwest] timely submitted an appeal and request for administrative hearing.... On January 4, 2016, [the commissioner] informed counsel for [Northwest] that its appeal and request for an administrative hearing had been received, and notified it that:

" '[a] hearing will be scheduled as soon as possible [and that a] hearing officer will be designated and a time and date for the administrative hearing will be scheduled as soon as possible. Once designated the hearing officer will contact you and the Department counsel to establish a date for the hearing. In accordance with Alabama Administrative Code, § 580-3-[23].15(2), I will make the final decision whether the decertification will remain in place. At the present time I cannot agree to your request for a stay.'

"... [The commissioner] provides no reason why he was unable to agree to [Northwest's] request for a stay.

"[Northwest's] petition avers that it is a licensed clinic that has operated in the jurisdiction of the Court for 23 consecutive years. It has an impeccable record of excellence and has dependent upon its continued operation hundreds of patients and 28 employees, all of whom would be abruptly denied access to the clinic for mental health treatment and employment unless a stay is granted.

"[ADMH and the commissioner] have offered the Court no evidence to the contrary. Further, [Northwest] submitted a 'high level accreditation' dated September 28, 2015, which it received from the Commission on Accreditation of Rehabilitation Facilities International (CARF).... In it CARF acknowledged [Northwest's] 'dedication and commitment to improving the quality of the lives of the persons served.'

"Code of Ala., § 41–22–20 is entitled, 'Judicial Review of Preliminary, Procedural, etc., Actions or Rulings and Final Decisions in Contested Cases.' This matter involves a preliminary, procedural, or intermediary action or ruling that is immediately reviewable because a final agency decision will not provide an adequate remedy. Code of Ala., § 41–22–20(a) provides in pertinent part that '[a] preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.' Code of Ala., § 41–22–20(b) provides in pertinent part that 'All proceedings ... for review may be

instituted by filing notice ... of review ... if a party ... is a corporation, domestic or foreign, having a registered office or business office in this state, then in the county of the registered office or principal place of business within this state.' Code of Ala., § 41–22–20(c) provides, in pertinent part, that '[i]f the agency decision has the effect of suspending or revoking a license, a stay or supersedeas shall be granted as a matter of right upon such conditions as are reasonable, unless the reviewing court, upon petition of the agency, determines that a stay or supersedeas would constitute a probable danger to the public health, safety or welfare.'

"On January 4, 2016 the Court entered an order holding:

" 'Pursuant to Code of Ala., § 41–22–20(c), and the petition filed herein, the Administrative Orders of [ADMH] dated November 13, 2015 and December 14, 2015 are stayed as to [Northwest] pending a resolution of its appeal ...'

"On January 6, 2016 [ADMH and the commissioner] filed a Motion to Set Aside Court's Order Staying Administrative Orders and Motion to Dismiss for Lack of Jurisdiction, Standing and Improper Venue, advancing legal arguments but not providing evidence in support of any circumstance warranting setting aside the Court's stay, that Code of Ala., § 41–22–20(c) provides [Northwest] as a matter of right upon such conditions as are reasonable. At the hearing on January 12, 2016 upon this Motion to Set Aside, the Court repeatedly inquired of all counsel if the administrative order it stayed could be characterized as anything but 'a preliminary, procedural or intermediate agency action or ruling ... immediately reviewable if review of the final agency decision would not provide an adequate remedy,' as described by Code of Ala., § 41–22–20(a), and none could be posited.

"[ADMH and the commissioner] also did not contest [Northwest's] allegations that it is a corporation or that its registered office and business office are located within the Bessemer Division of Jefferson County. Therefore, relying upon elections by the parties to rely on their pleadings and arguments and to not call witnesses or submit additional documentary evidence at the January 12 hearing, the Court concluded that there was no petition of the agency that a stay would constitute a probable danger to the public health, safety or welfare; that there was no basis for the Court to make any such determination; and that, in fact, a basis exists for declining to set aside its stay order. The Court determined, at the January 12 hearing, that abrupt closure of [Northwest's] clinic three days from entry of this order (which would occur in the absence of its stay order) would constitute a probable danger to public health, safety or welfare by depriving [Northwest's] hundreds of severely chemically dependent mental health patients of care they require, and access to [Northwest's] 28 employees who are nurses, counselors and pharmacists (who would also lose their jobs). The Court also determined that [Northwest's] rights under the Due Process Clauses of the United States and Alabama Constitutions would, in the absence of the stay, be denied if its clinic were abruptly closed on January 15, 2016 before it is provided the administrative hearing acknowledged to be due it by [the commissioner]. ...

"It is therefore considered, ordered and decreed that the Motion to Set Aside is DENIED, and the Motion to Dismiss for lack of jurisdiction, standing

and improper venue contained within it is also DENIED."
(Capitalization in original.) ADMH and the commissioner filed a petition for a writ of mandamus with this court on February 16, 2016.

ADMH and the commissioner contend that the trial court should have dismissed Northwest's petition because, they contend, Northwest failed to exhaust its administrative remedies under the Alabama Administrative Procedure Act ("the AAPA"), Ala.Code 1975, § 41–22–1 et seq., before filing the petition in the trial court. The AAPA governs administrative-agency proceedings and judicial review of the actions taken by or decisions of state agencies. ADMH and the commissioner also contend that the trial court failed to comply with certain provisions of Alabama Rules of Civil Procedure; specifically, ADMH and the commissioner argue that the trial court should have concluded that ADMH and the commissioner had not been served with the summons and the complaint, pursuant to Rule 4, Ala. R. Civ. P., and that the trial court erred by setting the petition for a trial on January 12, 2016, which was within 60 days of the filing of the petition in violation of Rule 40, Ala. R. Civ. P.

*Discussion*

A. *Exhaustion of Administrative Remedies*

■■■ We first consider ADMH and the commissioner's mandamus petition insofar as it seeks review of the trial court's denial of their motion to dismiss Northwest's petition. ADMH and the commissioner contend that the trial court should have dismissed Northwest's petition for a stay because, they contend, Northwest failed to exhaust its administrative remedies under the AAPA before filing its petition in the trial court. ADMH and the commissioner contend that the trial court

lacks jurisdiction to consider Northwest's petition until after Northwest has been provided an administrative hearing and until after a final decision is rendered by ADMH. We note, however, that "exhaustion of administrative remedies is a judicially imposed prudential limitation, not an issue of subject-matter jurisdiction." *Budget Inn of Daphne, Inc. v. City of Daphne*, 789 So.2d 154, 157 (Ala.2000). Nonetheless, our supreme court has previously determined that questions concerning the exhaustion of administrative remedies are reviewable by a petition for a writ of mandamus. See *Ex parte Cincinnati Ins. Co.*, 51 So.3d 298, 310 n. 5 (Ala. 2010)("[W]e have recognized the propriety of seeking relief by mandamus for the denial of a motion to dismiss based on a failure to exhaust administrative remedies. See [*Ex parte* ] *Blue Cross* [*& Blue Shield of Alabama* ], 582 So.2d [469] at 472–73 [ (Ala.1991) ].").

■■■ The standard we apply when reviewing a petition for the writ of mandamus is well settled.

" ' "[M]andamus is a drastic and extraordinary writ that will be issued only when there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." *Ex parte Horton*, 711 So.2d 979, 983 (Ala.1998).' "

*Ex parte Builders & Contractors Ass'n of Mississippi Self–Insurer's Fund*, 980 So.2d 1003, 1006 (Ala.Civ.App.2007) (quoting *Ex parte Alloy Wheels Int'l, Ltd.*, 882 So.2d 819, 821 (Ala.2003), overruled on other grounds by *Ex parte DBI, Inc.*, 23 So.3d 635, 657 (Ala.2009)).

"[The doctrine of exhaustion of administrative remedies] 'requires that where a

controversy is to be initially determined by an administrative body, the courts will decline relief until those remedies have been explored and, in most instances, exhausted.' *Fraternal Order of Police, Strawberry Lodge v. Entrekin,* 294 Ala. 201, 209, 314 So.2d 663, 670 (1975). *Entrekin* approved the 'exhaustion of administrative remedies' doctrine found in *United States v. Western Pacific Railroad Co.,* 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956), which applies 'where a claim is cognizable in the first instance by an administrative agency alone.' "

*City of Huntsville v. Smartt,* 409 So.2d 1353, 1357 (Ala.1982).

"The doctrine does not apply when (1) the question raised is one of interpretation of a statute, (2) the action raises only questions of law and not matters requiring administrative discretion or an administrative finding of fact, (3) the exhaustion of administrative remedies would be futile and/or the available remedy is inadequate, or (4) where there is the threat of irreparable injury."

*Ex parte Lake Forest Prop. Owners' Ass'n,* 603 So.2d 1045, 1046–47 (Ala.1992) (citing *City of Gadsden v. Entrekin,* 387 So.2d 829, 833 (Ala.1980)).

■ Section 41–22–20, Ala.Code 1975, a part of the AAPA, provides a procedure for judicial review of administrative-agency decisions. Section 41–22–20(a) reads, in part:

"(a) A person who has exhausted all administrative remedies available within the agency, other than rehearing, and who is aggrieved by a final decision in a contested case is entitled to judicial review under [the AAPA]. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy."

Generally, § 41–22–20 authorizes appeals from final decisions of an administrative agency in a contested case. See *Ex parte Alabama Dep't of Labor,* [Ms. 2140907, Oct. 9, 2015] ––– So.3d –––, ––– (Ala.Civ.App.2015)(determining that an entity affected by an agency decision failed to provide a sufficient legal argument to support its contention that the AAPA was applicable and stating that "the judicial-review provisions of the AAPA apply only to a 'final decision in a contested case' " (quoting § 41–22–20(a))). The second sentence of § 41–22–20(a), however, specifically refers to judicial review of "preliminary, procedural, or intermediate agency action or ruling ... if review of the final agency decision would not provide an adequate remedy." See *Alabama Dep't of Econ. & Cmty. Affairs v. Community Serv. Programs of West Alabama, Inc.,* 65 So.3d 396, 403 (Ala.Civ.App.2010)(holding that "a preliminary agency ruling *is* immediately reviewable 'if review of the final agency decision would not provide an adequate remedy' " (quoting § 41–22–20(a))). Therefore, pursuant to the second sentence of § 41–22–20(a), the legislature has provided a method for parties subject to an administrative action or ruling to seek immediate judicial review of an agency decision other than the final decision if review of the final decision would not provide that party with an adequate remedy. If that were not the case and judicial review was not available under any circumstances until the entry of a final agency ruling, the second sentence of § 41–22–20(a) would appear to have no application. We cannot construe the statute in that manner. " ' "There is a presumption that every word, sentence, or provision [of a statute] was intended for some useful purpose, has some force and effect, and that some effect is to be given to each, and also that no superfluous words or provisions

were used." ' " *Ex parte Uniroyal Tire Co.,* 779 So.2d 227, 236 (Ala.2000) (quoting *Sheffield v. State,* 708 So.2d 899, 909 (Ala. Crim.App.1997)).

▆▆▆ ADMH and the commissioner concede that, in isolation, the second sentence of § 41–22–20(a) appears to authorize an appeal of administrative determinations to the circuit court before the issuance of a final order. ADMH and the commissioner, however, argue that, when the provisions of § 41–22–20 are read in pari materia with each other, the statute authorizes the circuit court to stay a ruling of an administrative agency pursuant to § 41–22–20(c) only after an administrative hearing has been held and after a final decision by the agency has been rendered. We do not find this argument to be persuasive. In pertinent part, § 41–22–20(c) reads:

> "(c) The filing of the notice of appeal or the petition does not itself stay enforcement of the agency decision. If the agency decision has the effect of suspending or revoking a license, a stay or supersedeas shall be granted as a matter of right upon such conditions as are reasonable, unless the reviewing court, upon petition of the agency, determines that a stay or supersedeas would constitute a probable danger to the public health, safety, or welfare."

There is nothing in § 41–22–20(c) that limits the imposition of a stay of an agency decision only to final decisions.

> "Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."

*IMED Corp. v. Systems Eng'g Assocs. Corp.,* 602 So.2d 344, 346 (Ala.1992)(citing *Tuscaloosa Cty. Comm'n v. Deputy Sheriffs' Ass'n of Tuscaloosa Cty.,* 589 So.2d 687 (Ala.1991)).

▆▆▆ The sole question Northwest presented for review to the trial court was whether it was entitled to a stay of ADMH's interim decision revoking Northwest's certification during the pendency of the administrative proceedings. It is undisputed that ADMH has not rendered a final decision concerning revocation of Northwest's certification. According to Northwest's brief in opposition to the petition for a writ of mandamus, a date for the administrative hearing had not been established and ADMH had not designated an administrative hearing officer. Under the interim ruling of ADMH, Northwest would be required to cease operation as an opioid-maintenance therapy facility on January 15, 2016, the date that ADMH's decertification ruling was to take effect. Northwest had invoked its statutory right to an administrative hearing as to that matter by filing a notice of appeal with ADMH and by requesting an administrative hearing before an administrative-law judge. It is also undisputed that ADMH declined to grant Northwest a stay of its decision to revoke Northwest's certification effective January 15, 2016. Thus, ADMH decided not to suspend or delay the decertification of Northwest until the outcome of the hearing before the agency, i.e., before final action, but, instead, proceeded to issue a "preliminary" or "intermediate" ruling that Northwest would be decertified before the final hearing before the agency. Northwest then petitioned for judicial review of ADMH's interim determination not to grant a stay of the decertification pursuant to the second sentence of § 41–22–20(a).

This court has previously recognized that

"[p]ursuant to § 41–22–20(c), there is an implied presumption that staying a license revocation will not jeopardize the public health, safety, or welfare. If the agency seeks to prevent the issuance of a stay, it must rebut that presumption by establishing that a stay would 'constitute a probable danger to the public health, safety, or welfare.'"

*Ex parte Medical Licensure Comm'n of Alabama,* 13 So.3d 397, 401 (Ala.Civ.App. 2008). When an agency decision to deny a request for a stay of a license revocation pending the outcome of the administrative proceedings is appealed to the circuit court, the agency may present evidence to the circuit court to rebut the presumption. ADMH and the commissioner have cited no evidence or other materials that it presented to the trial court to establish that Northwest's continued operation as an opioid-maintenance therapy facility would constitute a probable danger to the public health, safety, or welfare. To the contrary, the trial court determined in its January 13, 2016, order that the decertification of Northwest "would constitute a probable danger to public health, safety or welfare by depriving [Northwest's] hundreds of severely chemically dependent mental health patients of care they require, and access to [Northwest's] 28 employees who are nurses, counselors and pharmacists (who would also lose their jobs)."

Pursuant to the second sentence of § 41–22–20(a) and § 41–22–20(c), the trial court properly considered Northwest's petition to stay ADMH's decertification ruling. ADMH's decision to revoke Northwest's certification without granting Northwest a stay of the decision pending the outcome of the administrative appeal constitutes a "preliminary, procedural, or intermediate agency action or ruling" for which waiting until the rendering of a final decision would not provide Northwest an adequate remedy. Therefore, insofar as ADMH and the commissioner seek the issuance of a writ of mandamus directing the trial court to dismiss the proceedings, ADMH and the commissioner's petition is denied.

**B.** *The Trial Court's Order to Stay*

To the extent that ADMH and the commissioner contend that the trial court did not comply with applicable procedural rules in entering its stay order, we must determine whether ADMH and the commissioner have timely invoked this court's appellate jurisdiction because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even *ex mero motu.*" *Nunn v. Baker,* 518 So.2d 711, 712 (Ala.1987). As explained in detail below, the petition filed by Northwest in the trial court constituted a request for injunctive relief. Our supreme court has held that the proper procedure for challenging an injunction is by direct appeal pursuant to Rule 4(a)(1), Ala. R.App. P. *Ex parte B2K Sys., LLC,* 162 So.3d 896, 903 (Ala.2014). On January 13, 2016, the trial court entered an order enjoining ADMH and the commissioner from decertifying Northwest from operating its facility. ADMH filed a petition for the writ of mandamus seeking to overturn that order on February 16, 2016. The time for filing an appeal from an interlocutory order granting injunctive relief is 14 days. Rule 4(a)(1)(A), Ala. R.App. P. Accordingly, because we determine that the order ADMH and the commissioner seek to overturn is in the nature of an injunction, we must also determine whether ADMH and the commissioner have timely invoked the jurisdiction of this court.

When a party appeals an administrative-agency action, ruling, or decision to

the circuit court, the Alabama Rules of Civil Procedure apply to the proceedings. In *Guthrie v. Alabama Department of Labor*, 160 So.3d 815 (Ala.Civ.App.2014), an appeal of an administrative-agency decision regarding the denial of unemployment-compensation benefits, this court stated:

"Rule 81(a), Ala. R. Civ. P., provides that, unless the applicable statute provides otherwise, the Alabama Rules of Civil Procedure apply to proceedings such as an appeal of the denial of unemployment-compensation benefits to the circuit court. Our supreme court has also concluded that, '[o]nce an [administrative] appeal is in the circuit court, the Alabama Rules of Civil Procedure apply. Rule 81(a), Ala. R. Civ. P., *Covin v. Alabama Bd. of Examiners in Counseling*, 712 So.2d 1103 (Ala.Civ.App.1998).' *Ex parte General Motors Corp.*, 800 So.2d 159, 163 (Ala.2000)."

160 So.3d at 817–18.

 Rule 65, Ala. R. Civ. P., the rule of procedure pertaining to injunctive relief, authorizes a court to enter an " 'order commanding or preventing an action.' " *Dawkins v. Walker*, 794 So.2d 333, 335 (Ala.2001) (quoting *Black's Law Dictionary* 788 (7th ed.1999)). In pertinent part, Rule 65 provides:

"(a) Preliminary Injunction.

"(1) *Notice.* No preliminary injunction shall be issued without notice to the adverse party.

"(2) *Consolidation of Hearing with Trial on Merits.* Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a preliminary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision (a)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury.

"(b) Temporary Restraining Order; Notice; Hearing; Duration. A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Every temporary restraining order granted without notice shall be endorsed with the date and hour of issuance; shall be filed forthwith in the clerk's office and entered of record, and shall expire by its terms within such time after entry not to exceed ten (10) days, as the court fixes (except in domestic relations cases, the ten– (10–) day limitation shall not apply), unless within the time so fixed the order for good cause shown is extended or unless the party against whom the order is directed consents that it may be extended for a longer period. In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence of all matters except older matters of the same character; and when the motion comes on for

hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction and, if he does not do so, the court shall dissolve the temporary restraining order. On two (2) days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require."

Section 41–22–20(k), the provision of the AAPA setting forth the standard of review courts are required to apply when reviewing appeals from administrative proceedings, provides that a circuit court reviewing an administrative-agency decision may (1) "affirm the agency decision," (2) "remand the case to the agency for taking additional testimony and evidence or for further proceedings," (3) "reverse or modify the decision," or (4) "grant other appropriate relief from the agency action, *equitable or legal,* including declaratory relief. . . ." (Emphasis added.) An injunction is an equitable remedy. *Hall v. North Montgomery Materials, LLC,* 39 So.3d 159, 179 (Ala.Civ.App.2008) (citing *Nunley v. State,* 628 So.2d 619 (Ala.1993)). Therefore, construing the provisions of § 41–22–20 together with the Alabama Rules of Civil Procedure, we conclude that a party appealing from an administrative-agency action, ruling, or decision, in addition to any other relief allowed by § 41–22–20, can petition the circuit court for injunctive relief against the agency when it is appropriate to do so.

Northwest's petition to the trial court sought to prevent ADMH's determination to revoke its certification from having any effect while Northwest's administrative appeal was pending. The petition thus constituted a request for injunctive relief pursuant to Rule 65, Ala. R. Civ. P. As this court has routinely stated, "[i]t has long been the law that substance, not nomenclature, is 'the determining factor regarding the nature of a party's pleadings or motions.'" *Chamblee v. Duncan,* 188 So.3d 682, 691 (Ala.Civ.App.2015)(quoting *Eddins v. State,* 160 So.3d 18, 20 (Ala.Civ.App.2014)). On January 4, 2016, the trial court entered an order staying ADMH's decision to revoke Northwest's license. That order was, in effect, in the nature of a temporary restraining order entered pursuant to Rule 65(b).[3] Pursuant to ADMH and the commissioner's motion of January 6, 2016, seeking to set aside the trial court's January 4, 2016, order, the trial court conducted a hearing on January 12, 2016, at which the trial court heard arguments of counsel for the parties and at which the parties elected not to present evidence. On January 13, 2016, the trial court entered an order denying ADMH and the commissioner's request to reconsider the stay and keeping the restraining order in place. That constitutes a preliminary injunction. Although the trial court offered the parties an opportunity to present evidence at the January 12, 2016, hearing, there is no indication from the materials submitted by the parties that the trial court consolidated the hearing with a trial on the merits. The trial court's January 13, 2016, order, therefore, is essentially an

---

**3.** The materials before this court indicate that there may have been procedural deficiencies in the process followed by Northwest in obtaining the temporary restraining order and by the trial court in granting the temporary restraining order. We cannot address or consider those deficiencies because, as explained below, this court lacks appellate jurisdiction.

interlocutory order granting or continuing an injunction.

As stated above, because the proper method to challenge an order granting an interlocutory injunction is by a direct appeal, see Rule 4(a)(1)(A), Ala. R.App. P., and *Ex parte B2K Sys.*, supra, we consider ADMH and the commissioner's petition for a writ of mandamus, insofar as it alleges procedural deficiencies, to be an appeal from the trial court's January 13, 2016, order granting a preliminary injunction in favor of Northwest. Rule 4(a)(1)(A) provides that an appeal from an interlocutory order granting an injunction shall be filed within 14 days of the entry of the order. ADMH and the commissioner filed their petition to this court on February 16, 2016, or 34 days after the trial court entered the order granting a preliminary injunction. We must conclude that ADMH and the commissioner's petition, which we treat as a notice of appeal from the trial court's January 13, 2016, order granting injunctive relief, did not timely invoke this court's appellate jurisdiction pursuant to Rule 4(a)(1)(A). Accordingly, we dismiss the appeal insofar as it seeks reversal of the trial court's order to stay ADMH's determination to revoke Northwest's certification on the basis that the trial court entered the order in violation of Rule 4 and Rule 40, Ala. R. Civ. P.

PETITION DENIED; APPEAL DISMISSED.

THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.

THOMAS, J., concurs in the result, without writing.