MOORE, Judge.
Roxanne Michelle Tanner ("the mother") appeals from judgments entered by the Mobile Circuit Court ("the trial court") that, among other things, require her visitation with her son, M.C.T. ("the son"), to be supervised, denied her request to modify her child-support obligation to Justin Clay Tanner ("the father"), and ordered her to pay a portion of the fees of the son's guardian ad litem. We affirm the judgments in part, reverse the judgments in part, and remand the causes for further proceedings.
Procedural History
The parties were divorced by a judgment entered by the trial court in 2004; pursuant to that judgment, the mother was awarded sole physical custody of the son and the parties' daughter, V.T. ("the daughter"). Through a series of postdivorce proceedings, the divorce judgment was modified so that the father obtained sole physical custody of the son and the daughter, the mother was ordered to pay $320 per month in child support, the mother was allowed visitation with the daughter at the daughter's discretion, and the mother was allowed visitation with the son under *30 the supervision of the mother's current husband.
On December 22, 2014, the father filed a petition, assigned case number DR-04-501637.11, requesting that the trial court suspend, terminate, or restrict the mother's visitation; he also requested that the mother be held in contempt of court for her failure to pay child support. The mother answered and asserted a counterclaim, requesting that the trial court hold the father in contempt for his failure to allow her to visit with the son. At the father's request, a guardian ad litem was appointed to represent the interests of the son, who is a child with special needs. On November 9, 2015, the mother filed a petition, assigned case number DR-04-501637.12, seeking sole physical custody of the son and the daughter on an emergency basis.[1]
The trial court conducted a consolidated trial. During the trial, the mother requested that the trial court reduce her child-support obligation. On May 31, 2016, the trial court entered separate, but identical, judgments in both cases. Among other things, the judgments denied the mother's request to reduce her child-support obligation, awarded the father a judgment against the mother in the amount of $5,911 for her child-support arrearage, and required the mother's visitation with the son to be supervised at the Family Center in Mobile for at least six months and provided that, if the visitation is without incident during that six-month period, future visitation can be supervised by the mother's current husband. On June 1, 2016, the trial court entered separate, but identical, orders in both cases, requiring that the father pay $500 of the guardian ad litem's fees and that the mother pay the remaining $1,400 of those fees.
On June 30, 2016, the mother filed a postjudgment motion in both cases. On September 26, 2016, the trial court entered separate, but identical, orders in both cases allowing the mother to "deduct [1]//2of the cost of visitation from her child support" and providing that "[t]he father will not have to come 'out of pocket' for the visitation so long as he is owed child support arrearages." All other claims for relief were denied. On November 3, 2016, the mother filed her notice of appeal.
Discussion
I.
On appeal, the mother first argues that the trial court erred by requiring that her visitation with the son be supervised at the Family Center because, she says, that requirement would be cost-prohibitive to the mother.[2] We note, however, that the mother failed to present any evidence of the cost of having her visitation supervised at the Family Center. Instead, in her unverified postjudgment motion, she simply made an assertion as to the cost of visitation without providing any supporting authority. "'[S]tatements or arguments ... made in a motion do not constitute evidence.'"
*31 Guthrie v. Alabama Dep't of Labor, 160 So.3d 815, 818-19 (Ala. Civ. App. 2014) (declining to consider allegations made in unverified postjudgment motion) (quoting Griffin v. Griffin, 159 So.3d 67, 70 (Ala. Civ. App. 2014) ). Because the mother's argument is not supported by evidence in the record, Guthrie, supra, we decline to reverse the trial court's judgment, entered in case number DR-04-501637.11, on this point.
II.
The mother next argues that the trial court erred in declining to reduce her child-support obligation. Rule 32(E), Ala. R. Jud. Adm., provides, in pertinent part:
"A standardized Child-Support Guidelines form (Form CS-42 as appended to this rule) and a Child-Support-Obligation Income Statement/Affidavit form (Form CS-41 as appended to this rule) shall be filed in each action to establish or modify child-support obligations and shall be of record and shall be deemed to be incorporated by reference in the court's child-support order."
Based on the mandatory language of Rule 32(E), this court has held that a trial court commits error when it denies a child-support modification request without first receiving the necessary forms. See, e.g., Wilkerson v. Waldrop, 895 So.2d 347 (Ala. Civ. App. 2004). The mother maintains that the trial court erred in denying her child-support modification claim without requiring the parties to submit the necessary forms.
The mother did not plead a claim for child-support modification in any either her petition or her counterclaim. The mother first raised the claim during the trial. The trial court questioned the mother as to the basis for her claim that her child support should be reduced. The mother responded that she was not working and that she was providing health and dental insurance for the son and the daughter through her current husband's employer-sponsored health insurance. The mother did not allege that any of those circumstances were different than those existing at the time of the entry of the last child-support judgment. Rule 32(A)(3)(b), Ala. R. Jud. Admin., provides that "[a] party seeking a modification of child support must plead and prove that there has occurred a material change in circumstances that is substantial and continuing since the last order of child support." The trial court did not state its reason for denying the mother's child-support-modification claim, but "'[w]here a trial court does not make specific findings of fact concerning an issue, this Court will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous.'" Ex parte Fann, 810 So.2d 631, 636 (Ala. 2001) (quoting Lemon v. Golf Terrace Owners Ass'n, 611 So.2d 263, 265 (Ala. 1992) ). Thus, we assume that the trial court determined that the mother did not plead or prove a material change of circumstances in regard to her child-support-modification claim.
Under these circumstances, any error the trial court might have committed by denying the mother's child-support modification claim without first receiving the forms required by Rule 32(E) amounts to harmless error. Rule 45, Ala. R. App. P., provides:
"No judgment may be reversed or set aside, nor new trial granted in any civil or criminal case on the ground of misdirection of the jury, the giving or refusal of special charges or the improper admission or rejection of evidence, nor for error as to any matter of pleading or procedure, unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably *32 injuriously affected substantial rights of the parties."
(Emphasis added.) "[T]he party claiming error has the burden of showing error on the record and resulting injury." Dale Cty. Dep't of Pensions & Sec. v. Robles, 368 So.2d 39, 43 (Ala. Civ. App. 1979) (emphasis added); see also Watson v. McGee, 348 So.2d 461, 463 (Ala. 1977) ("The appellant must not only establish error but also must show that he was probably prejudiced by the error."). The mother did not satisfy the threshold requirement of proving a material change of circumstances. The mother has failed to show how the inclusion of the child-support forms would have altered the disposition of the mother's claim. The mother has not proven that she was prejudiced by the failure of the trial court to obtain the forms.
Based on the foregoing, we decline to reverse the trial court's judgments to the extent they declined to reduce the mother's child-support obligation.
III.
Finally, the mother argues that the trial court erred by requiring her to pay a portion of the guardian ad litem's fees without requiring the guardian ad litem to submit an itemized invoice of her services.
"[A] trial court should establish a guardian ad litem's fees using the same criteria as are applicable to awards of attorney's fees in general." Turner v. Turner, 210 So.3d 603, 612 (Ala. Civ. App. 2016).
" ' "The determination of whether an attorney fee is reasonable is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion." Ex parte Edwards, 601 So.2d 82, 85 (Ala. 1992). Our deference to the trial court in attorney-fee cases is based upon our recognition that the trial court, which has presided over the entire litigation, has a superior understanding of the factual questions that must be resolved in fee determinations. See Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)...." '
Rabb v. Estate of Harris, 953 So.2d 401, 405-06 (Ala. 2006) (quoting City of Birmingham v. Horn, 810 So.2d 667, 681-82 (Ala. 2001) ).
In Rabb, the guardian ad litem submitted his hourly rate along with the total number of hours he had spent "'in interviews, telephone calls, preparation of case, review of pleadings and documents'" and in court, 953 So.2d at 406 ; however, he "refused to itemize the time claimed or to provide further documentation or evidence." 953 So.2d at 407. The supreme court reasoned:
"'Applicants for an attorney fee bear the burden of proving their entitlement to an award and documenting their appropriately expended hours. [ Ex parte] Edwards, 601 So.2d [82] at 85 [ (Ala. 1992) ] ; see also Hensley [v. Eckerhart ], 461 U.S. [424] at 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 [ (1983) ] (citing the importance of documenting in fee applications the hours expended). "The applicant should exercise 'billing judgment' with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley, 461 U.S. at 437, 103 S.Ct. 1933 (citation omitted). As the United States Court of Appeals for the Eleventh Circuit stated in American Civil Liberties Union of Ga. v. Barnes, [168 F.3d 423 (11th Cir. 1999) ]:
" ' "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, *33 pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."
"' 168 F.3d at 428.'
"[ City of Birmingham v. Horn,] 810 So.2d [667,] at 682 [ (Ala. 2001) ]."
Rabb, 953 So.2d at 407-08.
Based on the foregoing, the supreme court, in Rabb, held that, because the guardian ad litem had failed to "substantiate his request for an attorney fee with any evidence or documentation, such as itemized billing records," 953 So.2d at 408, the guardian ad litem had failed to meet his burden of proving his entitlement to the fee claimed. Similarly, in the present case, because the guardian ad litem failed to "substantiate [her] request for an attorney fee with any evidence or documentation, such as itemized billing records," id., we conclude that the guardian ad litem failed to meet her burden of proving her entitlement to the fee claimed. Therefore, we reverse the trial court's judgments entered in both cases with regard to the guardian ad litem's fee and remand the causes for the trial court to require the guardian ad litem to prove her entitlement to the fee requested in accordance with Rabb.
Conclusion
Based on the foregoing, we affirm the trial court's judgment entered in case number DR-04-501637.11 with regard to the restriction on the mother's visitation. We affirm the trial court's judgments entered in case numbers DR-04-501637.11 and DR-04-501637.12 to the extent the trial court declined to modify the mother's child-support obligation. We reverse the trial court's judgments in both cases with regard to the award of fees to the guardian ad litem, and we remand the causes for further proceedings in accordance with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

The mother filed other claims in both actions, but she abandoned those claims at trial.

We note that, in a judgment entered in April 2014 in a previous action, the trial court required the mother's visitation with the son to be supervised by her current husband. The mother did not appeal from that judgment, nor did she, in either of the cases at issue in this appeal, allege a change in circumstances warranting modification of that judgment. Therefore, the propriety of the supervision requirement is not at issue in this appeal. See, e.g., Stack v. Stack, 646 So.2d 51 (Ala. Civ. App. 1994) (holding that issue determined in previous judgment, which was not appealed, could not be challenged on appeal in subsequent action); and Norman v. Bozeman, 605 So.2d 1210, 1214 (Ala. 1992) ("Our review is limited to the issues that were before the trial court.").